IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HARRY J. COLES, | ) | CIV. NO. 09-00167 DAE-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | STAY PENDING APPEAL, OR FOR |
| vs. | ) | EXTENSION OF TIME, AND FOR |
| | ) | APPOINTMENT OF COUNSEL |
| JOSHUA EAGLE, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>ORDER DENYING MOTION FOR STAY PENDING APPEAL, OR FOR EXTENSION OF TIME, AND FOR APPOINTMENT OF COUNSEL</u>**

Plaintiff moves for a stay of this prisoner civil rights action pending his appeal of the August 27, 2009 Order Granting Motion to Dismiss, or, Alternatively, For Summary Judgment and Denying Motion to Join Party.  (Doc. #61.)  The Court of Appeals for the Ninth Circuit dismissed Plaintiff's appeal on November 18, 2009, for lack of jurisdiction, rendering Plaintiff's motion for a stay pending appeal moot.  (Doc. #77.)

In the alternative, Plaintiff requests an "Extension of Time Due to Unforeseen Circumstances."  Plaintiff claims that while he is in disciplinary segregation he has no access to a "typewriter, white-out, Stapler, Notary Serv., H.R.S., Civil Procedure Federal Rules and Guidelines, Jailhouse lawyer Manuel [sic] or Jailhouse Lawyer Advice," or to legal files in storage, and cannot make

copies of his documents "without intrusionary [sic] invasion of privacy by staff." (Mot. at 2.)

First, there are no pending motions before the court that might necessitate granting Plaintiff an extension of time in which to oppose or prepare for such motions. The only scheduling date that might be impacted by Plaintiff's sixty-day segregation is the December 29, 2009 cutoff for filing motions to join parties or amend the pleadings. The court has already denied Plaintiff's previous motion to amend the pleadings to join parties, and also granted Plaintiff thirty days to amend his pleadings to cure the complaint deficiencies regarding Defendant Michael Hisatake. (*See* Doc. #61.) Plaintiff did not file a proposed amended complaint, however, and gives no indication in this Motion that he intends to move to amend on any other basis.

Second, Plaintiff's reasons sets forth in support of his Motion are insufficient to grant a stay. Plaintiff does not require a typewriter, white-out, stapler, or a notary to submit documents to the court or to Defendants. Moreover, Plaintiff admits that he can get copies of his documents, he simply protests that prison officials may see the documents he seeks to copy, and that it may take forty-eight hours to receive the copies. Plaintiff is reminded that all of his documents, whether submitted to Defendants or to the court, are considered public documents,

and are available for review by any individual who has access to the court's electronic filing system or to the courthouse.  If Plaintiff has reservations about submitting his documents to prison officials for copying, he may manually copies those documents.

Third, Plaintiff claims that his access to the Federal Rules of Civil Procedure, the Hawaii Revised Statutes, other legal materials in storage, and manuals available at the prison law library is restricted while he is in segregation.  Because there are no pending motions to prepare for, and Plaintiff will be out of segregation at the end of December, Plaintiff cannot show that an extension of time is necessary until he has access to these materials.[1]

Finally, Plaintiff seeks the appointment of counsel to mitigate the problems he is allegedly facing while he is in segregation.  Neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.

---

[1] Normally, segregated prisoners may request these materials from the prison law library, although they are allowed only limited amounts of books and paperwork in their cells.  Plaintiff is notified that he must pursue his prison administrative remedies in Arizona to challenge these alleged restrictions.  If Plaintiff is unsuccessful through the prison grievance process, he may file suit in Arizona.  The court notes, however, that Defendants here are Honolulu Police Officers and have no control over the operations, policies, or procedures at the Saguaro Correctional Center.

*LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir.1987); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

Accordingly, Plaintiff's motion for a stay pending appeal, or in the alternative, for an extension of time, and for the appointment of counsel, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 3, 2009.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Coles v. Eagle, et al.*, Civ. No. 09-00167 DAE-BMK; ORDER DENYING MOTION TO STAY ACTION; prose attys\dmp\non-disp ords 09\Coles 09-167 BMK (dny stay of action )