IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HARRY J. COLES, | ) | CIV. NO. 09-00167 DAE-BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART |
| | ) | MOTION FOR ENLARGEMENT OF |
| vs. | ) | TIME AND DENYING REQUEST |
| | ) | FOR MAGISTRATE |
| JOSHUA EAGLE, et. al., | ) | JURISDICTION |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING IN PART MOTION FOR ENLARGEMENT OF TIME AND DENYING REQUEST FOR MAGISTRATE JURISDICTION

Plaintiff moves for an enlargement of time to conduct further discovery in support his opposition to Defendants Eagle's and Robertson's motion for summary judgment. *See* Fed. R. Civ. P. 56(f). Plaintiff also seeks consent for this court to take jurisdiction over all proceedings in this case.[1] These matters came before the court on June 21, 2010. Insofar as Plaintiff seeks a continuance of the motion for summary judgment, that request is DENIED. Insofar as Plaintiff seeks an enlargement of time to respond to the motion for summary judgment, that request is GRANTED. Plaintiff's request for consent to magistrate jurisdiction to hear this case is DENIED.

---

[1] Although Plaintiff submitted a stipulation to that effect, it was unsigned by Defendants Eagle and Robertson.

## I. BACKGROUND

The arrest giving rise to Plaintiff's excessive force allegations against Defendants Eagle and Robertson occurred on April 24, 2007. Plaintiff commenced this action approximately two years later, on April 13, 2009. Doc. 1. A Rule 16 Scheduling Order was entered July 8, 2009. *See* Docs. 39 & 40 (amending the order to provide notice to pro se prisoner litigants regarding their duty to oppose motions for summary judgment). Trial was set for June 29, 2010, dispositive motions for March 2, 2010, and the close of discovery deadline for April 27, 2010. Doc. 40. Defendants Eagle and Robertson filed their motion for summary judgment on March 2, 2010. Doc. 83. A hearing on the motion was scheduled for June 1, 2010, before the district judge. Doc. 88.

The court held a discovery conference on March 16, 2010. Doc. 89. As neither party was strictly complying with the Rule 16 Scheduling Order, the court ordered Defendants to produce certain documents to Plaintiff, including Plaintiff's arrest report and any documents pertaining to police disciplinary proceedings against Defendants. *Id.* The court instructed Plaintiff that it is his responsibility to conduct discovery and that he may send Defendants interrogatories or other requests for production of documents to obtain discoverable information. Defendants were ordered to answer Plaintiff's

interrogatories within two weeks of receipt. The court also entered a protective order pertaining to the release of information found in Defendants' personnel files. Doc. 90.

On April 23, 2010, the court held another conference with the parties and thereafter entered an Amended Rule 16 Scheduling Order. Doc. 97. Trial was moved to May 3, 2011, filing of dispositive motions was extended until December 1, 2010, and the discovery deadline was extended until March 4, 2011. Docs. 97-99.

On May 13, 2010, the hearing date for Defendants motion for summary judgment was rescheduled for July 12, 2010. Doc. 102. Plaintiff's opposition to the motion was due on or before June 14, 2010, and Defendants' reply was due on or before June 21, 2010.

On June 10, 2010, Plaintiff filed the present motions. Docs. 103 & 104. Plaintiff did not file an opposition to the motion for summary judgment.

## II.  DISCUSSION

Plaintiff seeks an enlargement of time to oppose Defendants' motion for summary judgment to conduct discovery, requiring the hearing on the motion for summary judgment to be moved again. Plaintiff argues that because the trial, dispositive motions, and discovery dates were extended on April 23, 2010, he is

entitled to that additional time to conduct discovery to oppose the pending summary judgment motion.  Plaintiff does not specify what essential facts he seeks to discover to justify his opposition, but argues that his incarceration out-of-state requires the "full scope of allowed time [as] ordered by the [April 23, 2010] Scheduling Order."  Doc. 103, Motion for Enlargement of Time at 2.  At the hearing, Plaintiff stated that, although he had some of the documents and police reports he had requested, he believed he did not have everything necessary to oppose the motion.  Plaintiff did not, however, articulate what documents or other discovery he required to oppose summary judgment, or why further discovery is necessary.  Defendants assert that they fully responded to Plaintiff's requests for documents and police reports.

      Rule 56 of the Federal Rules of Civil Procedure provides that when a party opposing a motion for summary judgment:

> shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Fed. R. Civ. P. 56(f).  The policy of adjudicating cases on their merits when possible favors liberally granting requests for continuances.  A court does not abuse its discretion, however, by denying a continuance when the requesting party

4

has failed to pursue discovery diligently. *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990). Thus, the decision to postpone ruling on a summary judgment motion in order to allow additional time for discovery is in the sound discretion of the court. *Citicorp Real Estate Inc. v. Smith*, 155 F.3d 1097, 1102 (9th Cir. 1998).

At the hearing, the court explained to Plaintiff that simply because the discovery deadline was extended in this case to coincide with the extended trial date, that did not relieve Plaintiff's responsibility in diligently conducting discovery or in opposing the pending summary judgment motion. Plaintiff could not clearly explain what further documents he required, what specific discovery he intended to pursue, or how further discovery, beyond the police reports already requested, would support his opposition to the summary judgment motion. The court thereupon ordered Defendants to resend the relevant police reports and disciplinary reports Plaintiff had requested.

During the course of this litigation, and in an effort to move this case forward this court has: (1) explained to Plaintiff what was necessary to conduct meaningful discovery in this case and how to do so; (2) required Defendants to respond to Plaintiff's requests for documents (and they assert they have done so); (3) required Defendants to send Plaintiff a second set of the requested documents

5

(as it appears that he has misplaced them); and (4) already moved the hearing on Defendants' motion for summary judgment six weeks from its originally scheduled date to ensure that Plaintiff could meaningfully respond.

Plaintiff has had more than three years since the date that he was arrested, and a year since discovery commenced in this case, to collect the materials he needs to prosecute this case.  There is no allegation that Defendants have intentionally hindered Plaintiff's ability to conduct discovery.  It appears that Plaintiff is now either attempting to slow this litigation or has not been diligent in conducting discovery.  The court will not, therefore, move the hearing date on the motion for summary judgment and that request is DENIED.  Plaintiff is GRANTED an enlargement of time to oppose the motion, however, until July 6, 2010.

Plaintiff also seeks consent for this court to take jurisdiction over all further proceedings in this action, pursuant to 28 U.S.C. § 636(c), which provides:

> (1) Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. § 636(c)(1).  Voluntary consent is a requisite for jurisdiction. *Pacemaker Diagnostic Clinic of America v. Instromedix, Inc.*, 725 F.2d 537,

541-43 (9th Cir.) (en banc ), *cert. denied* , 469 U.S. 824 (1984); *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 914 (9th Cir. 2003) (pointing out that consent is the "touchstone of magistrate judge jurisdiction" under § 636(c)). Because this court has conducted two settlement conferences in this case, it would be improper to preside over either the motion for summary judgment or the trial in this case. Plaintiff's request to magistrate jurisdiction over this action is DENIED without prejudice. Plaintiff may, however, seek consent of another magistrate judge's jurisdiction, with Defendants' and the district judge's approval.

IT IS SO ORDERED.

DATED: June 22, 2010.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Coles v. Eagle, et al.*, Civ. No. 09-00167 DAE-BMK; ORDER GRANTING IN PART MOTION FOR ENLARGEMENT OF TIME AND DENYING REQUEST FOR MAGISTRATE JURISDICTION; prose attys\Non-dsp ords\dmp 2010\Coles 09-167 BMK (dny ext time & consent)