IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HARRY J. COLES, | CIVIL NO. 09-00167 LEK-BMK |
| Plaintiff, | |
| vs. | |
| JOSHUA EAGLES, ETC., ET AL., | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S MOTION**
**FOR REVIEW OF NONDISPOSITIVE MATTER**

Before the Court is pro se Plaintiff Harry J. Coles's ("Plaintiff") Motion for Review of Nondispositive Matter, filed March 21, 2011 [dkt. no. 186]. The Court construes this motion as an Appeal of: 1) the portion of the magistrate judge's February 16, 2011 minute order [dkt. no. 161] ("February 16 Minute Order") denying Plaintiff's Motion for Subpoena duces tecum, filed February 8, 2011 [dkt. no. 151,] and denying Plaintiff's Motion for Subpoena duces tecum, filed February 14, 2011 [dkt. no. 153]; and 2) the magistrate judge's March 14, 2011 Order Denying Motion for Reconsideration [dkt. no. 181] ("Reconsideration Order"). The Court finds, pursuant to Rule LR74.1 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"), that oral argument on the Appeal is not necessary. After careful consideration of the Appeal and the relevant legal authority,

Plaintiff's Appeal is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The original motions at issue in the instant Appeal are Plaintiff's Motion for Subpoena duces tecum, filed February 8, 2011, and Plaintiff's Motion for Subpoena duces tecum, filed February 14, 2011 (collectively "Subpoena Motions"). Both relate to documents filed under seal in Plaintiff's state criminal case.

Plaintiff's defense attorney in the criminal proceeding requested subpoenas for Honolulu Police Department ("HPD") internal affairs reports to determine whether they contained evidence relating to the honesty and veracity of HPD officers Joshua Eagle and Elton Robertson, the defendants in the instant case (collectively "Defendants"). The state court reviewed the documents *in camera* and, finding that they contained nothing relevant to what Plaintiff sought, denied the request for subpoenas and sealed the documents for appellate review. In the instant Subpoena Motions, Plaintiff sought those sealed records, as well as any other reports of misconduct or civilian complaints in Defendants' HPD records. [Recon. Order at 2-3.]

During the February 16, 2011 hearing on the Subpoena Motions and other motions, Defendants' counsel emphasized that issues related to the appeal in Plaintiff's criminal case are not the subject of the instant action. Defense counsel asserted that

Defendants have complied with the magistrate judge's order to produce the relevant disciplinary records.[1]  The magistrate judge agreed and found that Defendants have produced all of the relevant disciplinary records.  The magistrate judge therefore denied the Subpoena Motions.

On February 28, 2011, Plaintiff filed his Motion for Reconsideration of Subpoena duce (sic) tecum [dkt. no. 169] ("Motion for Reconsideration").  In the Motion for Reconsideration, Plaintiff alleged that the magistrate judge "may have over looked . . . new material facts not previously available in terms of misconduct by the Defendants and stipulated to by the 1st Cir. Court . . . ."  [Motion for Recon. at 1.] Plaintiff apparently argued that the magistrate judge committed a manifest error of law or fact in finding that the subpoenaed documents were not discoverable under Federal Rule of Civil Procedure 26(b).  [Id. at 2.]

The magistrate judge held a hearing on the Motion for Reconsideration on March 10, 2011, and issued a written order denying the Motion for Reconsideration on March 14, 2011.  The Reconsideration Order reiterated that the magistrate judge previously ordered Defendants to provide Plaintiff with any

---

[1] The magistrate judge ordered Defendants to produce "copies of . . . written disciplinary actions against either of defendant Joshua Eagle or Elton Robertson[,]" subject to certain conditions.  [Protective Order Pertaining to Records, filed 3/22/10 (dkt. no. 90), at 2-3.]

3

sustained misconduct reports in Defendants' HPD employment records. The Reconsideration Order noted that Defendants produced this information to Plaintiff several times, and the magistrate judge found that the information proved was "sufficient for Plaintiff's stated purpose of showing that Defendants may or may not have been disciplined for the use of excessive force prior to the incident at issue in this case." [Recon. Order at 3.]

The magistrate judge concluded that Plaintiff's request for "*all* misconduct reports and civilian complaints, and for the sealed documents regarding Defendants' honesty and veracity, are cumulative, overbroad, and amount to a fishing expedition into Defendants' personnel records." [Id. (citation omitted) (emphasis in original).] The magistrate judge concluded that reconsideration of the February 16 Minute Order was not warranted because: Plaintiff does not know what is in the sealed documents; Plaintiff has not addressed the state court's finding that the sealed documents were irrelevant; Plaintiff has not established that he needs this information; and the state court transcript discussing the sealed documents did not constitute newly discovered evidence of material fact that was previously unavailable. [Id. at 3-4.]

In the instant appeal, Plaintiff argues that the Reconsideration Order is "'clearly erroneous or contrary to

sustained misconduct reports in Defendants' HPD employment records. The Reconsideration Order noted that Defendants produced this information to Plaintiff several times, and the magistrate judge found that the information proved was "sufficient for Plaintiff's stated purpose of showing that Defendants may or may not have been disciplined for the use of excessive force prior to the incident at issue in this case." [Recon. Order at 3.]

The magistrate judge concluded that Plaintiff's request for "*all* misconduct reports and civilian complaints, and for the sealed documents regarding Defendants' honesty and veracity, are cumulative, overbroad, and amount to a fishing expedition into Defendants' personnel records." [Id. (citation omitted) (emphasis in original).] The magistrate judge concluded that reconsideration of the February 16 Minute Order was not warranted because: Plaintiff does not know what is in the sealed documents; Plaintiff has not addressed the state court's finding that the sealed documents were irrelevant; Plaintiff has not established that he needs this information; and the state court transcript discussing the sealed documents did not constitute newly discovered evidence of material fact that was previously unavailable. [Id. at 3-4.]

In the instant appeal, Plaintiff argues that the Reconsideration Order is "'clearly erroneous or contrary to

Law[.]'"  [Appeal at 1 (quoting Fed. R. Civ. P. 72(b)).]
Plaintiff contends that the documents he sought in the Subpoena
Motions are discoverable and that he has been placed at a
disadvantage in this case because of the magistrate judge's
rulings.  [Id.]  He argues that Defendants have only produced
internal affairs complaints dated between Plaintiff's April 2007
arrest and his July 2007 trial.  Plaintiff believes that there
were "acts of violence toward citizens" prior to his arrest and
he argues that these records are relevant to establish
Defendants' pattern and HPD's awareness of Defendants' conduct.
[Id. at 2.]

**DISCUSSION**

> A party may appeal to the district court any
> pretrial nondispositive matter ruled on by a
> magistrate judge.  28 U.S.C. § 636(b)(1)(A).  A
> magistrate judge's order regarding nondispositive
> matters may be reversed by the district court
> judge only when it is "clearly erroneous or
> contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed.
> R. Civ. P. 72(a).

JJCO, Inc. v. Isuzu Motors Am., Inc., Civ. No. 08-00419 SOM-LEK,
2009 WL 3569600, at *2 (D. Hawai`i Oct. 30, 2009) (footnote
omitted).

> The threshold of the "clearly erroneous" test
> is high and significantly deferential.  "A finding
> is 'clearly erroneous' when although there is
> evidence to support it, the reviewing court on the
> entire evidence is left with the definite and firm
> conviction that a mistake has been committed."
> United States v. U.S. Gypsum Co., 333 U.S. 364,
> 395 (1948); Mathews v. Chevron Corp., 362 F.3d
> 1172, 1180 (9th Cir. 2004).  In comparison, a

> magistrate judge's order is contrary to law if the
> judge applies an incorrect legal standard or fails
> to consider an element of the applicable standard.
> See Hunt v. Nat'l Broad. Co., 872 F.2d 289, 292
> (9th Cir. 1989) (noting that such failures
> constitute abuse of discretion).

Club at Hokuli`a, Inc. v. Am. Motorists Ins. Co., Civil No. 10-00241 JMS-LEK, 2010 WL 4386741, at *3 (D. Hawai`i Oct. 26, 2010) (some citations omitted). A district judge must not simply substitute her judgment for the magistrate judge's judgment. JJCO, 2009 WL 3569600, at *2 (citing Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (noting that a magistrate judge's nondispositive pretrial orders under § 636(b)(1)(A) are not subject to a de novo determination)).

In the instant Appeal, Plaintiff essentially argues that the magistrate judge's denial of the Subpoena Motions and denial of the Reconsideration Motion were clearly erroneous or contrary to law because the documents Plaintiff sought in the Subpoena Motions are relevant and because Plaintiff believes that there are records of other instances of Defendants' misconduct which Defendants have not produced. First, to the extent that Plaintiff disagrees with the magistrate judge's finding that the requested documents were not relevant, this alone does not warrant reversal of the February 16 Minute Order or the Reconsideration Order. See Matsuura v. E.I. du Pont De Nemours & Co., Civ. No. 96-01180 SOM-LEK, 2006 WL 2734291, at *6 (D. Hawai`i Sept. 22, 2006) (noting that mere disagreement with a

6

magistrate judge's ruling is not grounds for reversal by the district judge).

Plaintiff now asserts that there are records regarding additional instances of Defendants' misconduct, which occurred prior to his arrest in April 2007, that Defendants have not produced. Plaintiff raised this argument in the Reconsideration Motion, but did not raise it in the Subpoena Motions. [Recon. Motion at 2 ("Plaintiff will attach copys (sic) of transcripts of hearing by the Circuit Court Judge and the Attorneys to show the in (sic) fact there is evidence relevant to misconduct by one or both Officers prior to 4/24/07 and which would be relevant and material to case (sic) at hand.").] The magistrate judge could not have granted reconsideration on this ground because Plaintiff could have raised this argument in the Subpoena Motions, but did not do so. See Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 12690 (D. Hawai`i 2005) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)) (some citations omitted). Further, the transcript that Plaintiff filed on March 4, 2011 in support of the Motion for Reconsideration [dkt. no. 177]: is not an official transcript; does not contain any evidence that there are reports regarding incidents of Defendants' misconduct prior to April 2007; and does not constitute newly discovered and previously unavailable material facts. The Court therefore agrees with the magistrate judge that

7

the requests in Plaintiff's Subpoena Motions are "cumulative, overbroad, and amount to a fishing expedition into Defendants' personnel records." [Recon. Order at 3 (citing Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)).]

Having reviewed all of the underlying motions and orders, this Court does not have a definite and firm conviction that a mistake has been committed. Further, the February 16 Minute Order and the Reconsideration Order were not contrary to law. The Court therefore FINDS that there are no grounds to reverse these orders.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Appeal, titled Motion for Review of Nondispositive Matter and filed March 21, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 30, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HARRY J. COLES V. JOSHUA EAGLE, ET AL; CIVIL NO. 09-00167 BMK; ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW OF NONDISPOSITIVE MATTER**