IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

HARRY J. COLES,                    )    CIVIL NO. 09-00167 LEK-BMK
                                   )
          Plaintiff,               )
                                   )
     vs.                           )
                                   )
JOSHUA EAGLE, ET AL.,              )
                                   )
          Defendants.              )
_____    )


**ORDER DENYING PLAINTIFF'S MOTIONS**
**FOR NEW TRIAL, MISTRIAL, AND SANCTIONS**

          Before the Court are pro se Plaintiff Harry Coles'
("Plaintiff") Motion for Mistrial, Motion for New Trial ("Motion
for New Trial"), filed on May 16, 2011, Motion for Sanction under
Rule 11 ("Motion for Sanctions"), filed on May 16, 2011, and
Motion for Mistrial and Order for New Trial: Motion for Sanctions
and Pro Se "Damages" Fees ("Motion for Mistrial"), filed on
June 3, 2011.[1]  Defendants Joshua Eagle and Elton Robertson
("Defendants") filed memoranda in opposition to the Motion for
New Trial and Motion for Sanctions on May 31, 2011.  The Court

_____

          [1] The Court construed the portion of this filing seeking
Rule 11 sanctions and other damages and fees as an improper reply
to Defendant's Memorandum in Opposition to Plaintiff's Motion for
Sanctions under Rule 11.  [EO: Court Order Regarding Plaintiff's
Motion for Mistrial and Order for New Trial: Motion for Sanctions
and Pro Se "Damages" Fees, and Motion for Sanctions, Rule 11,
Fed. R. Civ. P. and Pro Se Incurred Damages Due Fees, filed
6/7/11 (dkt. no. 307), at 2.]  Thus, the Court will not consider
the portion of the Motion for Mistrial seeking sanctions and
other damages and fees.

did not permit Plaintiff to file reply memoranda.  [EO: Court

Order Regarding Plaintiff's Motion for Sanctions Under Rule 11

and Plaintiff's Motion for Mistrial and Motion for New Trial,

filed on 5/16/11 (dkt. no. 298).]  The Court finds these matters

suitable for disposition without a hearing pursuant to Rule

LR7.2(d) of the Local Rules of Practice of the United States

District Court for the District of Hawai`i.  After careful

consideration of the motions, supporting and opposing memoranda,

and the relevant legal authority, Plaintiff's Motion for New

Trial, Motion for Sanctions, and Motion for Mistrial are HEREBY

DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and

legal history of this case, and the Court will only repeat the

history that is relevant to the instant motions.

This Court conducted a bench trial in this case from

May 3 to 6, 2011, and May 9, 2011.  During defense counsel's

cross-examination of Plaintiff on May 5, 2011, she asked,

"[i]sn't it correct that you were convicted in 2004 (sic) in

Alaska for stealing a vehicle; felony theft of an automobile?"[2]

[Tr. Trans., 5/5/11 – Day 3, filed 5/20/11 (dkt. no. 299), at

117.]  The Court prevented Plaintiff from answering the question

---

[2] In 2002, Plaintiff was convicted for felony Vehicle Theft
in the First Degree in Alaska.

and reminded defense counsel of the Court's pretrial Order

Granting in Part and Denying in Part Plaintiff's Motion in Limine

("Prior Convictions Order")[3] [filed 4/27/11 (dkt. no. 255)].

[Tr. Trans., 5/5/11 – Day 3, at 117.]  Later that day, the Court,

*sua sponte*, raised the issue of whether a mistrial was warranted

because defense counsel's question violated the Prior Convictions

Order.  [Id. at 131-32.]  The Court ultimately decided against

declaring a mistrial and issued a limiting instruction to the

jury on May 6, 2011.

On May 9, 2011, the jury reached a verdict in favor of

Defendants and against Plaintiff by special verdict form.  [Dkt.

no. 291.]  The Clerk of Court entered the final judgment later

that day.  [Dkt. no. 292.]

## I.   Motion for New Trial and Motion for Mistrial

In the Motion for New Trial, Plaintiff seeks a new

trial pursuant to Rule 59(b) of the Federal Rules of Civil

Procedure.  Plaintiff argues that he is entitled to a new trial

for the following reasons:

> 1.   Motion in Limine violation, prior convictions
>      from 2002 + 2004, AK.
> 2.   The Courts (sic) refusal to issue subpoenas
>      and information requested and produced[.]
> 3.   The Courts (sic) apparent bias in not
>      allowing complaints both confirmed before and

---

[3] The Court's order addressed other issues in addition to
the introduction of evidence and the questioning of witnesses
regarding Plaintiff's prior convictions, but those other issues
are not relevant to the motions currently before this Court.

after 2005-2007, by investigation of internal
affairs, ethics commission and City and
County Police Commissions documented findings
of facts.

4. The Courts (sic) allowing in of Plaintiffs
(sic) prior Hawai`i convictions <u>2005</u> and
<u>2007</u>[.]

5. The Courts (sic) refusal to over ride (sic)
magistrates (sic) findings and
recommendations pretaining (sic) to sealed
documents for review of Court
determinations[.]

6. The Court (sic) refusal to allow Amended
Complaint, to add defendants and causes of
actions[.]

7. The Courts (sic) refusal to allow Plaintiff
to correct errors in his failing to sign and
date declaration/affidavit out lining (sic)
disputed facts in Plaintiffs (sic) Motion in
Opposition to Defs. Summary Judgment.  and
(sic) Judges (sic) weighing of controverted
evidence introduce (sic) by Plaintiff and
disregarded by Court (sic) in exchange for
bias interpretation of bounderies (sic)
decided by Court (sic) in favor of
Defendants[.]

[Motion for New Trial at 1-2 (emphases in original).]  In the

alternative, Plaintiff requests "a final judgment ruling to allow

Plaintiff to appeal to 9th Cir (sic) Court of Appeals[.]"  [<u>Id.</u>

at 2.]

In the Motion for Mistrial, Plaintiff seeks a

declaration of a mistrial pursuant to Rule 59(b) of the Federal

Rules of Civil Procedure.  Plaintiff appears to argue that

defense counsel violated the Prior Convictions Order by referring

to Plaintiffs' prior convictions in Alaska, and that said

violation warrants a new trial.  [Motion for Mistrial at 1.]

In their memorandum in opposition to the Motion for New

4

Trial, Defendants argue that none of Plaintiff's grounds qualify as "'historically recognized'" bases for granting a new trial. [Mem. in Opp. to Motion for New Trial at 5-6 (quoting <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724, 729 (9th Cir. 2007)).] Defendants argue, moreover, that even if such grounds are "historically recognized", there is no evidence that the Court or defense counsel prevented Plaintiff from "'fully and fairly'" presenting his case. [<u>Id.</u> at 6 (quoting <u>Wharf v. Burlington N. R.R. Co.</u>, 60 F.3d 631, 637 (9th Cir. 1995)).]

Defendants devote particular attention to Plaintiff's Ground 1 for granting a new trial. First, Defendants argue that Plaintiff failed to allege or demonstrate prejudice suffered from counsel's alleged misconduct. [<u>Id.</u> (some citations omitted) (citing <u>Chalmers v. City of Los Angeles</u>, 762 F.2d 753, 761 (9th Cir. 1985)).] Second, Defendants contend that defense counsel's singular reference to Plaintiff's Alaska conviction was an innocent mistake that did not "permeate [the] entire proceeding[.]" [<u>Id.</u> at 7 (citation and quotation marks omitted).] Third, Defendants argue that Plaintiff did not suffer actual prejudice because Plaintiff's claim involved allegations of excessive use of force by police and not a claim of false arrest. [<u>Id.</u>] Fourth, Defendants contend that, at the time defense counsel posed the question, "the jury was already aware that Plaintiff was a convicted felon." [<u>Id.</u> at 8.] Finally,

Defendants argue that, even if the question caused prejudice, the Court's limiting instruction to the jury was sufficient to cure any such prejudice. [Id. at 8-9.]

## II. **Motion for Sanctions**

Plaintiff seeks sanctions against defense counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. Plaintiff appears to argue that defense counsel violated the Prior Convictions Order by asking Plaintiff about his "prior convictions in Alaska" during trial, and that said violation warrants an award of monetary sanctions under Rule 11. [Motion for Sanctions at 1 (internal quotation marks omitted).] Plaintiff claims that defense counsel's question "caused credability (sic) damage irreparable by a special instruction of the Court." [Id.]

Defendants oppose Plaintiff's request for sanctions with three arguments. First, Defendants contend that defense counsel neither acted in bad faith nor willfully violated the Prior Convictions Order when she asked Plaintiff about his Alaska conviction. Rather, Defendants claim that defense counsel "believed that Plaintiff had 'opened the door' to the excluded evidence of his convictions by his multiple references to his prior contact with the police." [Mem. in Opp. to Motion for Sanctions at 6.] In support of this argument, Defendants cite two different instances in which Plaintiff, as a testifying

witness, referenced his experience with police. [Id. (citing Tr.
Trans., 5/5/11 – Day 3, at 103:3-6 & 104:2-12).] Defendants
note, moreover, that defense counsel objected to such testimony
and advised the Court that Plaintiff was "'opening the door'".[4]
[Id. (quoting Tr. Trans., 5/5/11 – Day 3, at 104:5-7).]
Defendants further state that, after the Court informed defense
counsel that the door to the Alaska conviction had not been
opened, she "immediately ceased all questions regarding
Plaintiff's prior record and all questions regarding Plaintiff's
prior contacts with police in Alaska." [Id. at 7 (emphasis
omitted) (citing Tr. Trans., 5/5/11 – Day 3, at 117:2-12).]
Defendants further note that, although Plaintiff subsequently
testified to his prior contacts with Alaska police, defense
counsel did not revisit the issue of his Alaska arrest. [Id.
(citing Tr. Trans., 5/5/11 – Day 3, at 162:19 to 163:12).]

Second, Defendants argue that the Court's admonishment
of defense counsel in open court "was more than sufficient, as
evidenced by the fact that there were no further violations by
counsel, especially in light of Plaintiff's continued testimony
regarding his police contacts and [Unauthorized Use of a
Propelled Vehicle] in Alaska after the afore-referenced
admonition." [Id. at 8 (emphasis omitted).] Defendants claim

---

[4] Defense counsel actually stated: "If he wants to go into
his history, that's going to be opening some doors, Your Honor."
[Tr. Trans., 5/5/11 – Day 3, at 104.]

that the Court's admonishment "was sufficient to 'carry out the conduct of its business' and 'preserve the integrity of the court docket or the sanctity of the federal rules.'" [Id. (quoting Zambrano v. City of Tustin, 885 F.2d 1473, 1479-80 (9th Cir. 1989)).]

Finally, Defendants argue that a monetary sanction would be contrary to "'principles of right and justice'" given Plaintiff's willful violation of the Court's Order Granting Defendants' Motion in Limine No. 1 ("Disciplinary Record Order"), [filed 4/25/11 (dkt. no. 242),] which limited testimony on Defendant Eagle's disciplinary record. [Id. at 9 (quoting Zambrano, 885 F.2d at 1479-80).] Defendants argue that Plaintiff "blatantly" violated the Disciplinary Record Order by "spontaneously and willfully pointing to a large stack of papers in the presence of the jury and stating, 'This is 350 pages of the disciplinary reports that have been investigated and confirmed.'" [Id. at 9-10 (emphasis in Mem. in Opp. to Motion for Sanctions) (quoting Tr. Trans., 5/5/11 – Day 3, at 65:16 to 66:16).]

**DISCUSSION**

## I. Motion for New Trial and Motion for Mistrial

In the Motion for New Trial, Plaintiff alleges seven grounds for granting a new trial. Ground 1 appears to concern defense counsel's violation of the Prior Convictions Order by

asking Plaintiff a question at trial about his 2002 conviction in Alaska for felony Vehicle Theft in the First Degree. The Court construes Grounds 2 through 7 as concerning the following pre-trial decisions: the magistrate judge's refusal to issue subpoenas, [Minutes - EP: Status Conference Re Subpoenas for Trial, filed 4/22/11 (dkt. no. 238),] (Ground 2); the Court's Disciplinary Record Order limiting testimony on Defendant Eagle's disciplinary record (Ground 3); the Court's Prior Convictions Order insofar as it rejected Plaintiff's request that Defendants be barred from raising his 2005 and 2007 Hawai`i convictions at trial (Ground 4); the Court's Order Denying Plaintiff's Motion for Review of Nondispositive Matter, [filed 3/30/11 (dkt. no. 199),] (Ground 5); the Court's denial of Plaintiffs' motion seeking reconsideration of the Court's order denying Plaintiff's motion to amend his Complaint, [Order Regarding Plaintiff's Motion for Reconsideration, filed 4/29/11 (dkt. no. 264),] (Ground 6); and United States District Judge David Alan Ezra's Order Denying Motion to Cure and Correct Deficiency in Declaration Opposing Summary Judgment, [filed 12/21/10 (dkt. no. 132),] (Ground 7).

Similar to Ground 1 in his Motion for New Trial, Plaintiff argues in the Motion for Mistrial that defense counsel's violation of the Prior Convictions Order warrants a declaration of mistrial. Plaintiff contends that the violation

"tainted the jury" and was "impossible to overcome".  [Motion for Mistrial at 1 (internal quotation marks omitted).]

Defendants argue that none of Plaintiff's grounds qualify as "historically recognized" bases for granting a new trial and that his request for such relief should therefore be rejected.  Defendants contend, moreover, that even if such grounds existed, Plaintiff failed to demonstrate how either counsel or the Court prevented him from fully and fairly presenting his case.  Finally, Defendants argue that, even if the violation of the Prior Convictions Order caused prejudice, the Court's limiting instruction to the jury was sufficient to cure any harm resulting from such prejudice.

Rule 59(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

> The court may, on motion, grant a new trial on all or some of the issues — and to any party — as follows:
>
> > (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]

As explained by the Ninth Circuit in <u>Molski v. M.J. Cable, Inc.</u>:

> "Rule 59 does not specify the grounds on which a motion for a new trial may be granted."  <u>Zhang v. Am. Gem Seafoods, Inc.</u>, 339 F.3d 1020, 1035 (9th Cir. 2003).  Rather, the court is "bound by those grounds that have been historically recognized."  <u>Id.</u>  Historically recognized grounds include, but are not limited to, claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving."

> *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243,
> 251, 61 S. Ct. 189, 85 L. Ed. 147 (1940).  We have
> held that "[t]he trial court may grant a new trial
> only if the verdict is contrary to the clear
> weight of the evidence, is based upon false or
> perjurious evidence, or to prevent a miscarriage
> of justice."  *Passantino v. Johnson & Johnson*
> *Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir.
> 2000).

481 F.3d 724, 729 (9th Cir. 2007) (alteration in original).

As explained by the Ninth Circuit in *Wharf v.*

*Burlington Northern Railroad Co.*:

> A new trial is properly granted where a party can:
> (1) prove by clear and convincing evidence
> that the verdict was obtained through fraud,
> misrepresentation, or other misconduct [and]
> (2) establish that the conduct complained of
> prevented the losing party from fully and
> fairly presenting his case or defense.

60 F.3d 631, 637 (9th Cir. 1995) (alteration in original)

(quoting *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878-79 (9th Cir.

1990)).  "To warrant reversal on grounds of attorney misconduct,

the flavor of the misconduct must sufficiently permeate an entire

proceeding to provide conviction that the jury was influenced by

passion and prejudice in reaching its verdict."  *Doe ex rel.*

*Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1270 (9th Cir. 2000)

(citations and internal quotation marks omitted).  Court have

also applied this standard to motions for mistrial based on

attorney misconduct.  *See, e.g.*, *Molony v. Crook Cnty.*, Nos.

09-35624, 09-36005, & 09-36089, 2011 WL 2116464, at *1 (9th Cir.

May 27, 2011) (citation omitted); *Trovan, Ltd. v. Pfizer, Inc.*,

No. CV-98-00094 LGB MCX, 2000 WL 709149, at *30 (C.D. Cal.
May 24, 2000) (citations omitted); see also Blount, Inc. v.
Trilink Saw Chain, LLC, No. 06-CV-767-BR, 2009 WL 1884625, at *1
(D. Or. June 30, 2009) (citation omitted).

This Court finds no support for Plaintiff's arguments
that Grounds 2 through 7 warrant a new trial.  None of the pre-
trial decisions identified by Plaintiff constitute
"[h]istorically recognized grounds", see Molski, 481 F.3d at 729
(citation omitted), or suggest a "miscarriage of justice", see
Passantino, 212 F.3d at 510 n.15 (citation omitted).  Moreover,
they offer no indication that "the verdict is contrary to the
clear weight of the evidence" or "is based upon false or
perjurious evidence[.]"  Id. (citation omitted).  Accordingly,
the Court FINDS that Grounds 2 through 7 fail to demonstrate that
Plaintiff is entitled to a new trial.

Ground 1, on the other hand, does appear to raise a
"historical recognized" basis for new trial: attorney misconduct.
In Wharf, the Ninth Circuit found that a defense attorney's
deceptive behavior – knowingly misleading the plaintiff, court,
and jury by introducing into evidence and arguing to the jury
information known to be incorrect[5] – warranted a new trial on the

_____

[5] As further explained by the Ninth Circuit in Wharf:

Burlington's counsel misled the court and
jury by failing to disclose Wharf's termination to
(continued...)

12

issue of damages. 60 F.3d at 637. As explained by the Ninth

Circuit, the defense attorney's conduct "prevented Wharf's claim

from being fully and fairly presented":

> Burlington's counsel misled Wharf into
> arguing, and misled the jury into believing, that
> Wharf's only income loss would be from his
> inability to do road work, or that Wharf could
> mitigate his damages through yard work. If Wharf
> had known he had been fired, he could have asked
> for additional damages from the jury.

Id. at 638.

In the Prior Convictions Order, this Court concluded

that Plaintiff's 2002 Alaska conviction for felony Vehicle Theft

in the First Degree was "not admissible in evidence, and the

parties shall not refer to, seek to introduce evidence regarding,

nor question any witness about Plaintiff's 2002 conviction[.]"

[Prior Convictions Order at 5.] The Court cautioned Plaintiff,

however, "that if he should testify, ask a question of any

---

[5](...continued)
> Wharf and the court and by arguing in closing that
> "Wharf still has his job," when counsel knew
> otherwise. The parties had agreed to stipulate
> that Wharf continued to be employed by the
> railroad. Wharf believed the stipulated fact to
> be true. Burlington knew that Wharf believed he
> would continue to be employed and that a decision
> had been made to terminate him. The stipulated
> fact was false. Burlington's counsel nevertheless
> allowed the court to read the stipulation to the
> jury. Compounding the misconduct, Burlington's
> counsel took advantage of Wharf's ignorance by
> arguing the false position to the jury.

60 F.3d at 637 (footnote omitted).

witness, or seek to introduce evidence regarding Plaintiff's 2002
conviction . . . he may be found to have waived his objections
and created a basis for Defendants to be permitted to ask
questions or to introduce evidence regarding th[is] matter[]."[6]
[Id.]

Even assuming, *arguendo*, that defense counsel's
violation of the Prior Convictions Order constitutes "misconduct"
under Wharf, Plaintiff has identified no evidence, let alone
"clear and convincing evidence", that "the verdict was obtained
through . . . [such] misconduct[.]" See Wharf, 60 F.3d at 637
(citation omitted). Moreover, Plaintiff has failed to establish
that the violation "prevented [him] from fully and fairly
presenting his case or defense." See id. (citation omitted).
Unlike the plaintiff in Wharf, who showed that attorney
misconduct directly affected the damages portion of the trial,
Plaintiff does not state with any specificity how defense
counsel's violation undermined his ability to fully and fairly
present his case.

Further, even assuming, *arguendo*, that defense

---

[6] As discussed supra, Section II., Defendants contend that
defense counsel's inquiry about the Alaska conviction was based
on her belief "that Plaintiff had 'opened the door' to the
excluded evidence . . . by his multiple references to his prior
contact with the police." [Mem. in Opp. to Motion for Sanctions
at 6.] The Court found that Plaintiff did not open the door and
that defense counsel's question was in clear violation of the
Prior Convictions Order. [Tr. Trans., 5/5/11 – Day 3, at 134.]

counsel's violation prejudiced Plaintiff, such prejudice was cured by the Court's limiting instruction. As explained by the Ninth Circuit, "[a] timely instruction from the judge usually cures the prejudicial impact of evidence unless it is highly prejudicial or the instruction is clearly inadequate." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1105 (9th Cir. 2002) (citations and quotation marks omitted). Moreover, issuing a cautionary limiting instruction is preferred to declaring a mistrial when an attorney makes an inappropriate or prejudicial remark unless the remark is so prejudicial that a cautionary instruction is unlikely to cure it. Wyatt v. Horkley Self-Serve, Inc., 325 Fed. Appx. 488, 491 (9th Cir. 2009). In the instant case, immediately following the violation, the Court declared defense counsel's question regarding the Alaska conviction inadmissible and instructed Plaintiff not to respond. [Tr. Trans., 5/5/11 – Day 3, at 117.] At the commencement of proceedings on May 6, 2011, the Court issued a limiting instruction advising the jury that: counsel's and the pro se Plaintiff's questions are not evidence; and, where the Court directed the witness not to respond to the question, the jury should not consider the questions in reviewing the evidence.

In examining a similar request for a new trial, the United States District Court for the Eastern District of California found that, where a question in violation of a limine

order "was not answered, the objection was sustained, the question was withdrawn by counsel, the jury was admonished to disregard the questions . . . and the motion to strike was granted[,]" the losing party suffered no prejudice and a new trial was unwarranted. United States Fid. & Guar. Co. v. Lee Invs. LLC, 551 F. Supp. 2d 1114, 1144-45 (E.D. Cal. 2008). While the question in the instant case was neither withdrawn nor stricken, the Court's actions had a comparable effect: the Court stopped Plaintiff from answering the question and instructed defense counsel to abandon such questioning; defense counsel did abandon that line of questioning; and the Court admonished the jury with a limiting instruction.

The Court cannot find that defense counsel's violation of Prior Convictions Order constitutes misconduct that "sufficiently permeate[d] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." See Doe ex rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1270 (9th Cir. 2000) (citations and internal quotation marks omitted). Moreover, the Court finds that the limiting instruction cured any prejudicial impact that might have resulted from the violation. The Court therefore FINDS that Plaintiff is not entitled to a new trial or a declaration of mistrial as a result of defense counsel's violation of the Prior Convictions Order.

16

The Court further FINDS that Plaintiff's request for a "final judgment ruling . . . to appeal to 9th Cir (sic) Court of Appeals" is moot. [Motion for New Trial at 2.] The Clerk of Court entered the final judgment in this case on May 9, 2011. The Court observes, moreover, the Plaintiff has already filed a notice of appeal indicating his intention to appeal "the final judgment entered in this action on date of entry of judgement (sic)." [Notice of Appeal, filed 6/7/11 (dkt. no. 308).[7]]

Accordingly, Plaintiff's Motion for New Trial and Motion for Mistrial are DENIED.

## II. Motion for Sanctions

The Motion for Sanctions seeks an award of $5,000.00 for defense counsel's violation of the Prior Convictions Order. [Motion for Sanctions at 1 (citing Fed. R. Civ. P. 11).] Plaintiff argues that defense counsel's reference to his Alaska conviction damaged his credibility and was not reparable by a limiting instruction to the jury. [Id.]

Defendants argue that defense counsel should not be subject to sanctions because she did not act in bad faith or in willful disobedience of the Court's order. Moreover, Defendants

---

[7] The Court notes that the Ninth Circuit issued an order stating that it was holding Plaintiff's appeal in abeyance because Plaintiff's notice of appeal is ineffective until the filing of the order disposing of the last outstanding motion listed in Fed. R. App. P. 4(a)(4). [Ninth Circuit Order, filed 6/15/11 (dkt. no. 312), at 1.] Plaintiff also filed another notice of appeal on June 16, 2011. [Dkt. no. 313.]

contend that the Court's admonishment to defense counsel during trial was sufficient to carry out the purpose of any proposed sanction. Finally, Defendants argue that, given Plaintiff's violations of the Disciplinary Record Order, which limited testimony on Defendant Eagle's disciplinary record, a sanction against defense counsel would not be consistent with the principles of fairness and justice.

As explained by the Ninth Circuit in <u>Fink v. Gomez</u>:

> Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power.

239 F.3d 989, 991 (9th Cir. 2001). Although Plaintiff seeks sanctions pursuant to Rule 11, this case actually concerns sanctions under the third source of authority: inherent power. <u>See</u> <u>Christian v. Mattel, Inc.</u>, 286 F.3d 1118, 1131 (9th Cir. 2002) ("Rule 11 sanctions are limited to 'paper[s]' signed in violation of the rule." (alteration in original)). The Court liberally construes the Motion for Sanctions as a motion under the Court's inherent powers because of Plaintiff's status as a pro se litigant. <u>Cf.</u> <u>Jackson v. Carey</u>, 353 F.3d 750, 756-57 (9th Cir. 2003) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." (citation and

18

quotation marks omitted)).

"Inherent-power sanctions" must be preceded by a finding of "bad faith or conduct tantamount to bad faith." <u>Price v. Lehtinen (In re Lehtinen)</u>, 564 F.3d 1052, 1061 (9th Cir. 2009) (emphasis, citations and internal quotation marks omitted); <u>accord</u> <u>Scott v. Kruse (In re Fisher Fin. & Inv. LLC)</u>, No. 09-60035, 2011 WL 1898225, at *1 (9th Cir. May 19, 2011).  As explained by the Ninth Circuit in <u>Leon v. IDX Systems Corp.</u>:

> Under its "inherent powers," a district court may . . . award sanctions in the form of attorneys' fees against a party or counsel who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Primus Auto. Fin. Servs., Inc. v. Batarse</u>, 115 F.3d 644, 648 (9th Cir. 1997) (discussing a sanction against an attorney) (citation omitted).  Before awarding such sanctions, the court must make an express finding that the sanctioned party's behavior "constituted or was tantamount to bad faith." <u>Id.</u> (citation omitted).  A party "demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." <u>Id.</u> at 649 (internal quotation marks and citation omitted). The bad faith requirement ensures that the district court's exercise of its broad power is properly restrained, and "preserves a balance between protecting the court's integrity and encouraging meritorious arguments." <u>Id.</u> Additionally, the amount of monetary sanctions must be "reasonable." <u>Brown v. Baden (In re Yagman)</u>, 796 F.2d 1165, 1184 (9th Cir.), <u>as amended by</u> 803 F.2d 1085 (1986) (reviewing a Rule 11 sanction but announcing a standard applicable to other sanctions as well).

464 F.3d 951, 961 (9th Cir. 2006).

A court may also impose sanctions for recklessness when such behavior is "combined with an additional factor such as

frivolousness, harassment, or an improper purpose." <u>Fink</u>, 239

F.3d at 994. "[A]lthough recklessness, of itself, does not

justify the imposition of sanctions, sanctions . . . . are

justified 'when a party acts *for an improper purpose* – even if

the act consists of making a truthful statement or a

non-frivolous argument or objection.'" <u>Gomez v. Vernon</u>, 255 F.3d

1118, 1134 (9th Cir. 2001) (emphasis in original) (quoting <u>Fink</u>,

239 F.3d at 992). The Ninth Circuit has cautioned, however, that

courts may not issue inherent power sanctions for "inadvertent"

conduct such as "'an oversight or ordinary negligence'". <u>Fink</u>,

239 F.3d at 993 (some citations and quotation marks omitted)

(quoting <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473, 1483 (9th

Cir. 1989)).

　　　　Although the Ninth Circuit has yet to address the

burden of proof required for an inherent powers sanctions award,

it has analyzed several sanctions cases under a "clear and

convincing evidence" standard. <u>See, e.g.</u>, <u>Lahiri v. Universal</u>

<u>Music & Video Distrib. Corp.</u>, 606 F.3d 1216, 1219 (9th Cir. 2010)

(declining to address the burden of proof issue because "clear

and convincing evidence" supported the district court's bad faith

finding); <u>In re Lehtinen</u>, 564 F.3d at 1061 n.4 (same); <u>F.J.</u>

<u>Hanshaw Enters., Inc. v. Emerald River Dev., Inc.</u>, 244 F.3d 1128,

1143 n.11 (9th Cir. 2001) (same).

　　　　As discussed <u>supra</u> Discussion Section I., the Prior

20

Convictions Order, *inter alia*, barred Defendants from referring to or questioning any witnesses about Plaintiff's 2002 Alaska conviction. The Court cautioned, however, that if Plaintiff testified about or introduced evidence of said conviction, the Court may find that he waived his objections regarding that matter. [Prior Convictions Order at 5.]

In the instant case, Defendants claim that Plaintiff opened the door to the Alaska conviction through the following testimony:

> [MR. COLES:] So then finally I noticed the blue lights. The outside blue lights, they illuminate a low blue glow. To me, that was nothing to worry about, because where I'm from, if a cop is trying to get your attention, he puts on his flashers and he hits his noise thing, "Whoop," you know. None of that happen. I just noticed that there's the low glow of the outside lights.
> So, I'm like, "Oh, well maybe this is a traffic stop." So, because of the precautionary measure I'm having with him being so close to my rear, I said, "Let me turn off the main drag here," because it's a two-lane highway. If it is a stop, I don't want to be stuck on a two-lane highway. So, I don't think that there's anything wrong with turning into the first available parking lot I saw. It was lit, it was open, and it would provide enough area for both cars to be stopped. And from what -- what little bit of knowledge I have, it would have been safe.
> Now, whether or not that was in compliance with the law or not, I don't know. I -- I proceeded up the driveway over the speed bumps. And I'm kind of like mesmerized. I am kind of like, "Okay." Because I'm -- this guy is hot. I can tell. I can read the -- the facial impressions that I am getting, like I don't know what this fool going to do. Excuse me.
> And so when I do come to a stop, I just gradually stop the car, and I begin to prepare

myself.  Because it's been my history, when a
        white officer stops an African-American male --
             MS. FUKUI: Objection, Your Honor.  If he
        wants to go into his history, that's going to be
        opening some doors, Your Honor.
             THE COURT: Well, so, your objection is
        overruled.
        BY MR. COLES:
        Q.   It's been my experience when a white officer
        stops an African-American in a car, a male by
        himself, that African-American male better be on
        his toes.  He better make sure all his Ts are
        crossed and all his dots are dotted or whatever. .
        . .

[Tr. Trans., 5/5/11 – Day 3, at 103-04.]  Defendants claim that

defense counsel "mistook this Court's response [in this exchange]

as an acknowledgment of counsel's contention that the door was

open."  [Mem. in Supp. of Motion for Sanctions at 6 (footnote

omitted).]

        Defense counsel's assumption that Plaintiff opened the

door to testimony regarding his Alaska conviction was an error in

judgment.  As the Court explained at trial:

             THE COURT: And you asked him this question
        because he had a general statement that, you know,
        he was aware, or he was concerned, or he had some
        sort of state of mind because of his history and
        his people's history or African-American's history
        with law enforcement.
             But then when he was asked to clarify that,
        he was saying in general.  He didn't talk about
        any prior convictions, especially not Alaska.  And
        you never asked permission to inquire into that
        area.  You just blurted it out in front of the
        jury, and now it's out there.

[Tr. Trans., 5/5/11 – Day 3, at 133-34.]  The Court publicly

admonished defense counsel for this mistake, stating: "[Y]ou know

                                  22

you made that assumption [that the door was open] and you did that clearly in violation of [the Prior Convictions Order]. Clearly in violation of this order." [<u>Id.</u> at 134.] Further, the Court stated, "there's just no -- there's no excuse for it[.]" [<u>Id.</u>]

While the Court finds that defense counsel's conduct constituted an error in judgment, and that said error was in violation of the Court's Prior Convictions Order, the Court cannot find that her conduct was in "bad faith" or was "tantamount to bad faith". <u>See</u> <u>In re Lehtinen</u>, 564 F.3d at 1061 (emphasis, citations and internal quotation marks omitted). "The bad faith requirement sets a high threshold[.]" <u>Primus Auto. Fin. Servs., Inc. v. Batarse</u>, 115 F.3d 644, 649 (9th Cir. 1997). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent[,]" "delay[s] or disrupt[s] the litigation or hamper[s] enforcement of a court order." <u>Id.</u> (citations and internal quotation marks omitted). A violation of a limine order on the basis of a mistaken assumption does not meet this threshold. The Ninth Circuit has held that "'[a]ttorneys should not be disciplined by financial reprisal for conduct attributable to mistake, inadvertence or error of judgment.'" <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473, 1480 (9th Cir. 1989) (quoting <u>In re Sutter</u>, 543

23

F.2d 1030, 1035 (2d Cir. 1976)) (some internal quotation marks omitted); <u>see also</u> <u>id.</u> at 1480 n.24 (noting that lectures in open court are often sufficient responses to violations of court rules).  Moreover, even assuming, *arguendo*, that defense counsel's question constituted "recklessness", the Court finds that defense counsel's error in judgment was not the product of an "improper purpose".  <u>See</u> <u>Gomez</u>, 255 F.3d at 1134 (citation and emphasis omitted).  Accordingly, Plaintiff's Motion for Sanctions is DENIED.

<u>CONCLUSION</u>

On the basis of the foregoing, Plaintiff's Motion for Mistrial, Motion for New Trial, filed on May 16, 2011, Motion for Sanction under Rule 11, filed on May 16, 2011, and Motion for Mistrial and Order for New Trial: Motion for Sanctions and Pro Se "Damages" Fees, filed on June 3, 2011, are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 1, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HARRY J. COLES V. JOSHUA EAGLE, ET AL; CIVIL NO. 09-00167 LEK-BMK; ORDER DENYING PLAINTIFF'S MOTIONS FOR NEW TRIAL, MISTRIAL AND SANCTIONS**