IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HARRY J. COLES, | ) | CIVIL NO. 09-00167 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSHUA EAGLE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING APPEAL AND AFFIRMING
MAGISTRATE JUDGE ORDER DATED MARCH 1, 2013**

On March 1, 2013, the magistrate judge granted
Defendants Joshua Eagle and Elton Robertson's Motion for Leave to
Amend the Rule 16 Deadline to Permit the Filing of a Dispositive
Motion ("Defendants' Motion") [dkt. no. 342,] and granted
Plaintiff Harry Cole's Motion to Amend Rule 16 Scheduling Order
to Continue Trial, Reopen Discovery, and Amend the Complaint
("Plaintiff's Motion"). [Dkt. no. 350.] The magistrate judge
also issued an amended scheduling order ("Order"), setting forth
new trial dates and associated deadlines. [Dkt. no. 362.] On
March 15, 2013, Defendants filed their Appeal of Magistrate
Barry T. Kurren's (sic) March 1, 2013 Order Granting Plaintiff's
Motion to Amend Rule 16 Scheduling Order to Continue Trial,
Reopen Discovery and Amend His Complaint ("Appeal"). [Dkt. no.
365.] The Court finds this matter suitable for disposition
without a hearing pursuant to Rule LR7.2(d) of the Local Rules of

Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Appeal, memorandum in support, declaration of counsel, appended exhibits and errata filed by Defendants, the Appeal is hereby DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the extensive factual and legal history of this case, and the Court will only discuss the events that are relevant to the review of the Order and the Appeal.  Plaintiff's Motion requested that the district court: (1) amend the existing scheduling order; (2) continue the trial date; (3) reopen discovery; and (4) allow Plaintiff to amend his Complaint.

The Appeal requests that the Court set aside the March 1, 2013 Order, and deny Plaintiff's Motion in its entirety. They argue that the Order contradicts this Court's previous orders and goes against the law of the case.  With respect to the request to amend the Complaint, Defendants argue that there were no new facts alleged to support the Order, other than Plaintiff's counsel's assertion that Plaintiff was formerly proceeding pro se and that he has since retained counsel.

## STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and decide a pretrial matter pending before the court.  The decision of the magistrate judge

2

on non-dispositive matters is final.  <u>Bhan v. NME Hosp., Inc.</u>, 929 F.2d 1404, 1414 (9th Cir. 1991). However, a district judge may reconsider a magistrate's order on these non-dispositive pretrial matters and set aside that order, or any portion thereof, if it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); <u>see</u> <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1063 (9th Cir. 2004); <u>see also</u> <u>Osband v. Woodford</u>, 290 F.3d 1036, 1041 (9th Cir. 2002).

. . . .

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." <u>Na Pali Haweo Cmty. Ass'n v. Grande</u>, 252 F.R.D. 672, 674 (D. Haw. 2008); <u>see</u> <u>Hunt v. Nat'l Broadcasting Co.</u>, 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

<u>Hasegawa v. Hawaii</u>, CV No. 10-00745 DAE-BMK, 2011 WL 6258831, at

*1-2 (D. Hawai`i Dec. 14, 2011).

The threshold of the "clearly erroneous" test is high.  <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); <u>Thorp v. Kepoo</u>, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed.").

<u>Dowkin v. Honolulu Police Dep't</u>, Civil No. 10-00087 SOM/RLP, 2011

WL 3021784, at *1 (D. Hawai`i July 22, 2011).

## DISCUSSION

At the outset, the Court notes that the standard

applicable to an appeal of a magistrate judge's non-dispositive

3

order is highly deferential.  The Order appealed from here does not set forth the magistrate judge's reasoning in ruling on Plaintiff's Motion and Defendants' Motion, but was issued followed a hearing on the motions.  Defendants argue that the magistrate should not have allowed Plaintiff to amend his Complaint, add additional claims and parties, or extend the scope of discovery because the Court has already decided the same issues that Plaintiff attempted to reopen.

Under Federal Rule of Civil Procedure 16, the pretrial scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Defendants argue that Plaintiff's previous pro se status does not amount to good cause.  The Court agrees that pro se litigants must follow the same rules of procedure that govern other litigants.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

The "good cause" inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion.  See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

> "Central to the required showing of diligence
> is whether the movant discharged [his] obligation

4

under Rule 16 to collaborate with the district court in managing the case." Jackson [v. Laureate, Inc., 186 F.R.D. 605,] 607 [(E.D. Cal. 1999)]. Accordingly, relevant inquiries include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent. Id. at 608 (citations omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. However, the district court is given broad discretion under Rule 16. Id. at 607. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. See Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985).

Moreover, if the trial court determines that refusal to allow a modification of the pretrial order could result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than a slight inconvenience to the court, modification is appropriate. United States v. First Nat. Bank of Circle, 652 F.2d 882 (9th Cir. 1981).

Jiminez v. Sambrano, No. 04cv1833 L(PCL), 2009 WL 937042 at *2 (S.D. Cal. Apr. 6, 2009).

In Jiminez, the prisoner plaintiff initially filed his complaint while proceeding pro se. After he was appointed counsel, he sought to file an amended complaint to add a prayer for relief for punitive damages, and to dismiss one of the defendants. The district court in that case noted that Plaintiff had a good record of timely filings before the appointment of

counsel, and that he had not been dilatory or sought to delay matters with the filing of the motion to amend.  <u>Jiminez</u> found "good cause" under Rule 16 "to allow an amendment because Plaintiff's counsel now brings this motion after a thorough review of the facts and issues set for trial."  2009 WL 937042 at *3.  So too here.

The Court notes that there is no indication that Plaintiff has not been diligent in seeking amendment, both while proceeding pro se and now with counsel.  Moreover, there is no evidence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of the proposed amendment.  Further, to the extent Defendants argue that the magistrate judge's ruling with respect to the instant Plaintiff's Motion is barred by the Court's ruling on Plaintiff's earlier motion to amend [dkt. no. 192,] the Court disagrees.  The motion to amend that Plaintiff filed while proceeding pro se was filed after United States District Judge David Alan Ezra granted partial summary judgment in Defendants' favor, which was then subsequently reversed by the Ninth Circuit.  Judge Ezra's summary judgment order limited Plaintiff's claims to the force used after he was removed from the vehicle, but not the force used to shatter the window and pull Plaintiff from the vehicle.  <u>See</u> <u>Coles v. Eagle</u>, 753 F. Supp. 2d 1092, 1101 (D. Hawai`i 2010).  The Ninth Circuit reversed the grant of summary judgment and jury

verdict, the practical effect of which is to put the Court and the parties back to the status quo before the grant of partial summary judgment.  Plaintiff's Motion, therefore, does not ask the Court to revisit a prior ruling because the Court's denial of Plaintiff's earlier motion to amend was based on the state of the action at that time, *i.e.*, after the grant of partial summary judgment.

In sum, the Court concludes that the magistrate judge's Order granting Plaintiff's Motion was not clearly erroneous or contrary to law.  The Appeal is therefore DENIED.

**CONCLUSION**

On the basis of the foregoing, the Defendants' Appeal of Magistrate Barry T. Kurren's (sic) March 1, 2013 Order Granting Plaintiff's Motion to Amend Rule 16 Scheduling Order to Continue Trial, Reopen Discovery and Amend His Complaint, filed March 15, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 29, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HARRY COLES V. JOSHUA EAGLE, ET AL.; CIVIL NO. 09-00167 LEK-BMK; ORDER DENYING APPEAL AND AFFIRMING MAGISTRATE JUDGE ORDER DATED MARCH 1, 2013**