IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HARRY J. COLES, | ) | CIVIL NO. 09-00167 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSHUA EAGLE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### ORDER DENYING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR SUMMARY JUDGMENT RE STATUTE OF LIMITATIONS

Before the Court is Defendant City and County of Honolulu's ("the City") Motion for Summary Judgment re Statute of Limitations ("Motion"), filed on March 21, 2014. [Dkt. no. 419.] Plaintiff Harry J. Coles ("Coles") filed his memorandum in opposition on April 21, 2014, and the City filed its reply on April 28, 2014. [Dkt. nos. 427, 428.] Defendant Joshua Eagle ("Eagle") and Elton Robertson ("Robertson")[1] filed a statement of no position on May 1, 2014.[2] [Dkt. no. 430.]

This matter came on for hearing on May 14, 2014. After

---

[1] Coles has sued Eagle and Robertson in their individual capacities. During all relevant times, Eagle and Robertson were police officers with the Honolulu Police Department ("HPD"). [First Amended Complaint, filed 5/8/13 (dkt. no. 380), at ¶¶ 2-3.]

[2] On May 2, 2014, Coles filed his "Surreply and Concise Statement of Material Facts in Opposition" to the Motion ("Surreply/CSOF"). [Dkt. no. 431.] This Court, however, has not considered the Surreply/CSOF in ruling upon the Motion. See infra Discussion Section I.

careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, the City's Motion is HEREBY DENIED because, for purposes of the instant Motion, this Court finds that Plaintiff's claims against the City accrued on April 15, 2009, when he was imprisoned. Thus, for purposes of the instant Motion, this Court concludes that the statute of limitations was tolled and Plaintiff timely filed his claims against the City.

## BACKGROUND

The instant case arises from the events that culminated in Coles's arrest on April 24, 2007 ("the Subject Incident"). On April 13, 2009, Coles, who was proceeding pro se at the time, filed a Prisoner Civil Rights Complaint ("Complaint"). The Complaint alleged that, on April 24, 2007, Eagle directed Coles to pull over while Coles was driving. After Coles stopped, Eagle ordered him to get out of the car. According to the Complaint, Coles could not get out because he could not open the car door. Eagle then broke the car window and began hitting Coles with his baton. Eagle and Robertson pulled Coles out of the car through the broken window, threw him to the ground, and repeatedly kicked him. Eagle also continued to hit Coles with his baton. Eagle eventually handcuffed Coles. [Complaint at pgs. 5-5A.] The only claim the Complaint alleged against Eagle and Robertson was a 42

U.S.C. § 1983 claim,[3] which alleged that they "violated the 4th, 5th and 14th Amendments [to the United States Constitution] by use of excessive force." [Id. at pg. 5.] The City was not a defendant in the original complaint.

On November 12, 2010, United States District Judge David Alan Ezra filed his Order Denying Defendants' Motion for Summary Judgment ("11/12/10 Order").[4] [Dkt. no. 129.[5]] Judge Ezra denied Eagle and Robertson's motion for summary judgment because he concluded that, based on the record at that time, Eagle and Robertson were "not entitled to qualified immunity on Coles's claim that they used excessive force against him once he was out of the car." 11/12/10 Order, 753 F. Supp. 2d at 1101. Judge Ezra, however, ruled that, as a matter of law, the force that Eagle and Robertson used when they broke the car window and pulled Coles out of the car was reasonable. Id.

---

[3] The Complaint also alleged a § 1983 claim against other defendants who Coles alleged were deliberately indifferent to his medical needs from the injuries he suffered at the hands of Eagle and Robertson. [Complaint at pgs. 6-6A.] That claim, however, is not relevant to the proceedings currently before this Court.

[4] The term "Defendants" in the 11/12/10 Order refers to Eagle and Robertson. As previously noted, Coles's original Complaint did not name the City as a defendant. With respect to the instant Motion, the term "Defendants" refers collectively to the City, Eagle, and Robertson.

[5] The 11/12/10 Order is also available at 753 F. Supp. 2d 1092.

3

On January 28, 2011, the instant case was reassigned to this Court. [Dkt. no. 145.] This Court held a jury trial in this matter from May 3, 2011 to May 6, 2011, and on May 9, 2011. [Dkt. nos. 280, 283, 285, 287, 288 (Minutes).] In light of the 11/12/10 Order, this Court instructed the jury that:

> This Court has already found as a matter of law, that the arrest was lawful, and that defendants' acts of breaking the vehicle window and pulling plaintiff from the vehicle was reasonable under the circumstances. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officers used excessive force when they used physical force to arrest plaintiff after he was removed from the vehicle.

[Jury Instructions, filed 5/9/11 (dkt. no. 289), at Court's Instruction No. 17.]

The jury returned a verdict in favor of Eagle and Robertson, finding that Coles failed to prove that Eagle and Robertson violated his Fourth Amendment rights by using unreasonable force upon him after they removed him from the car. [Special Verdict Form, filed 5/9/11 (dkt. no. 291), at 2.] Pursuant to the jury verdict, judgment was entered in favor of Eagle and Robertson on May 9, 2011. [Dkt. no. 292.]

On appeal, the Ninth Circuit reversed both the judgment and the 11/12/10 Order. Coles v. Eagle, 704 F.3d 624, 631 (9th Cir. 2012). The Ninth Circuit held that it was reversible error to essentially grant partial summary judgment in favor of Eagle and Robertson by ruling that the force that Eagle and Robertson

4

used when they broke the car window and removed Coles from the car was reasonable. The Ninth Circuit held that a reasonable jury could conclude that the force Eagle and Robertson used was not justified under the circumstances. Id. at 630. The Ninth Circuit further held that giving Jury Instruction No. 17 was reversible error because it "enforced an erroneous partial grant of summary judgment in favor of" Eagle and Robertson. Id. The Ninth Circuit remanded the case for further proceedings consistent with its opinion. Id. at 631.

After the remand, Coles filed his First Amended Complaint on May 8, 2013. [Dkt. no. 380.] The First Amended Complaint added the City, which was the employer of both Eagle and Robertson during the relevant period, as a defendant. [First Amended Complaint at ¶ 4.] The factual allegations of the First Amended Complaint are essentially the same as the facts alleged in the original Complaint's § 1983 claim against Eagle and Robertson.

The First Amended Complaint alleges the following claims: 1) a 42 U.S.C. § 1983 claim against Eagle and Robertson for the unreasonable use of force, in violation of the Fourth Amendment ("Count I"); 2) a claim under § 1983 and 42 U.S.C. § 1981 against the City, based on policies, practices, and/or customs that violate the Fourth and Fourteenth Amendments ("Count II"); 3) an assault and battery claim against Eagle and

5

Robertson ("Count III"); 4) a negligent training, supervision, and retention claim against the City ("Count IV"); 5) an intentional infliction of emotional distress claim against Eagle and Robertson ("Count V"); and 6) a negligent infliction of emotional distress claim against Eagle and Robertson ("Count VI"). The First Amended Complaint seeks the following relief: compensatory damages, including general and special damages; interest on the compensatory damages; punitive damages against Eagle and Robertson; reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and any other appropriate relief.

**DISCUSSION**

I. **Procedural Rulings**

At the outset, this Court notes that, although the City filed a concise statement of facts in support of the Motion ("City's CSOF"), [filed 3/21/14 (dkt. no. 420),] Coles failed to file a concise statement of facts with his memorandum in opposition. In addition, he did not seek leave of court to file his Surreply/CSOF.

Local Rule 7.4 sets forth the deadlines for a memorandum in opposition to, and a reply in support of, a motion set for hearing. It also states: "No further or supplemental briefing shall be submitted without leave of court." Insofar as Coles neither obtained leave of court prior to filing the Surreply/CSOF nor established any reason that would excuse his

failure to obtain leave of court, this Court STRIKES Coles's Surreply/CSOF.

Pursuant to Local Rule 56.1(b), Plaintiff was required to file and serve with his memorandum in opposition "a separate document containing a single concise statement that admits or disputes the facts set forth in the [City's] concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." Because Plaintiff failed to do so, this Court DEEMS ADMITTED all of the statements of fact set forth in the City's CSOF. See Local Rule LR56.1(g) ("For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.").

Finally, this Court notes that Coles's memorandum in opposition cites extensively to "the Excerpts of Record that were filed with the Ninth Circuit because those are the documents that Coles received before filing his First Amended Complaint." [Mem. in Opp. at 5 n.2.] The Excerpts of Record that Coles filed in his Ninth Circuit appeal are not a part of the record in the district court case. Even though the Excerpts of Record represent a compilation of documents filed in this district court, this Court cannot determine from the district court record which document is, for example "ER 122" or "ER 126." See, e.g.,

id. at 5-6. Moreover, Local Rule 56.1(f) states:

> When resolving motions for summary judgment, **the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties**. Further, the court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements.

(Emphasis added.) Thus, this Court has no obligation to consider the documents that Coles should have identified as exhibits to a timely filed concise statement of facts.

This Court now turns to the merits of the City's Motion.

## II. Statute of Limitations and Tolling

Coles brings two claims against the City: 1) a claim pursuant to § 1983 and § 1981 alleging that the City's policies, practices, and/or customs of tolerating HPD officers' use of excessive force violate the Fourth and Fourteenth Amendments; and 2) a state law negligent training, supervision, and retention claim. The City argues that it is entitled to summary judgment as to both claims because both are barred by the applicable statute of limitations. Coles responds that he timely filed his claims against the City because, when those claims accrued, he was either detained or incarcerated, and therefore the applicable statute of limitations was tolled.

The Ninth Circuit has stated that "[s]tate law governs

8

the statute of limitations period for § 1983 suits and closely related questions of tolling." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted). It is well settled that the two-year statute of limitations in Haw. Rev. Stat. § 657-7[6] applies to § 1983 claims. See, e.g., Butler v. Cnty. of Maui, Civil No. 13-00163 SOM/KSC, 2013 WL 2295462, at *2 (D. Hawai`i May 24, 2013) (citing Beckstrand v. Read, 2012 WL 4490727 (D. Haw. Sept. 26, 2012) (applying two-year limitations period to § 1983 claim);[7] Pele Defense Fund v. Paty, 73 Haw. 578, 595, 837 P.2d 1247, 1259 (1992) ("We hold that the two-year statute of limitations set forth in HRS § 657-7 governs § 1983 actions.")). Further, as a general rule, § 657-7 also applies to § 1981 claims. See, e.g., Kaulia v. Cnty. of Maui, No. CIV 05-00290 JMS/LEK, 2006 WL 4660130, at *5 (D. Hawai`i May 24, 2006) ("The two-year limitations period set forth in HRS § 657-7 applies to the Plaintiff's § 1983 claim, just as it applies to the Plaintiff's § 1981 claim." (some citations omitted) (citing Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987)).[8]

---

[6] Section 657-7 states: "Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13."

[7] The Ninth Circuit reversed Beckstrand in part on other grounds. No. 12-17318, 2014 WL 983836 (9th Cir. Mar. 14, 2014).

[8] The United States Supreme Court has noted that "[t]hree years after [its] decision in Goodman, Congress enacted a
(continued...)

9

Coles's negligent training, supervision, and retention claim is also subject to the two-year statute of limitations in § 657-7. See Aana v. Pioneer Hi-Bred Int'l, Inc., 965 F. Supp. 2d 1157, 1179 (D. Hawai`i 2013) ("Negligence claims in Hawai`i are subject to the two-year statute of limitations set forth in Haw. Rev. Stat. § 657-7." (citing Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc., 115 Hawai`i 232, 276-77, 167 P.3d 225, 269-70 (2007))).

Coles agrees that a two-year statute of limitations applies to each of his claims against the City, but he argues that his claims against the City are timely because the statute of limitations has been tolled by his continuous detention/incarceration since the Subject Incident. Haw. Rev. Stat. § 657-13 states, in pertinent part:

> If any person entitled to bring any action specified in this part (excepting actions against the sheriff, chief of police, or other officers) is, at the time the cause of action accrued, either:
>
> . . . .

---

[8](...continued)
catchall 4-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990." Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 371 (2004) (citing 28 U.S.C. § 1658). The Supreme Court also held that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990 – and therefore is governed by § 1658's 4-year statute of limitations – if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." Id. at 382 (alteration in Jones). The parties do not contend that the four-year statute of limitations applies to Coles's § 1981 claim.

10

>             (3) Imprisoned on a criminal charge, or in
>             execution under the sentence of a criminal
>             court for a term less than the person's
>             natural life;
>
>     such person shall be at liberty to bring such
>     actions within the respective times limited in
>     this part, after the disability is removed or at
>     any time while the disability exists.

First, this Court notes that § 657-13 tolling does not apply to claims "against the sheriff, chief of police, or other officers." This district court has ruled that, pursuant to the "sheriff" exception, § 657-13 tolling does not apply to the State of Hawai`i Department of Public Safety or its employees. See, e.g., Rodenhurst v. Hawaii, CIV. No. 08-00396 SOM-LEK, 2010 WL 1783568, at *3 (D. Hawai`i Apr. 29, 2010) (citing Samonte v. Sandin, Civ. No. 05-00353, 2007 WL 461311, at *4 (D. Haw., Feb. 07, 2007) (noting that "[t]he statute creating the department of public safety specifically states that the 'functions, authority, and obligations, . . . and the privileges and immunities conferred thereby, exercised by a "sheriff" . . . shall be exercised to the same extent by the department of public safety'") (alterations in Rodenhurst)).[9] This district court, however, has refused to extend Samonte and similar cases to the counties (where the county is sued based on the actions of its police department) pursuant to § 657-13's "chief of police"

---

[9] The language that this district court relied upon in Samonte comes from Haw. Rev. Stat. § 26-14.6(f).

exception.  See Dusenberry v. Cnty. of Kauai, Civil. No. 07-00180 JMS/LEK, 2007 WL 3022243, at *4 (D. Hawai`i Oct. 12, 2007) (stating that § 657-13 "does not exempt counties, leaving no doubt or uncertainty as to its limited reach"); id. ("The Hawaii State legislature has exempted the Department of Public Safety (through [Haw. Rev. Stat. §] 26-14.6(f)) from the tolling provision; no similar statute exempts the County of Kauai.").

This Court acknowledges that the decisions of other district judges in this district are not binding on this Court. See Camreta v. Greene, 131 S. Ct. 2020, 2033 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation and quotation marks omitted)).  This Court, however, agrees that nothing in § 657-13 expressly exempts the counties, and there is no comparable statute to § 26-14.6(f) regarding either the counties or the county police departments. Further, the City has not presented any reason distinguishing the Dusenberry analysis.  This Court therefore concludes that the City is not exempt from § 657-13 tolling.

Haw. Rev. Stat. § 657-14 requires that, in order for a plaintiff to avail himself of § 657-13 tolling, "the disability [must have] existed at the time the right of action accrued." Thus, in order to determine whether § 657-13 tolling applies to

Coles's claims against the City, this Court must first determine when those claims accrued.

**III. Accrual**

Federal law determines when Coles's § 1983/§ 1981 claim accrued. See Pouncil v. Tilton, 704 F.3d 568, 573 (9th Cir. 2012) (citing Wallace v. Kato, 549 U.S. 384, 388, 127 S. Ct. 1091 (2007)), *cert. denied*, Beard v. Pouncil, 134 S. Ct. 76 (2013).

> Under federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief. [Wallace, 549 U.S. at 388, 127 S. Ct. 1091]; see also Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996) ("Under federal law, 'the limitations period accrues when a party knows or has reason to know of the injury' which is the basis of the cause of action." (quoting Golden Gate Hotel Ass'n v. San Francisco, 18 F.3d 1482, 1486 (9th Cir. 1994))). An action ordinarily accrues on the date of the injury. Ward v. Westinghouse Canada, Inc., 32 F.3d 1405, 1407 (9th Cir. 1994). A federal claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991) (quoting Trotter v. Int'l Longshoremen's and Warehousemen's Union, 704 F.2d 1141, 1143 (9th Cir. 1983)).

Id. at 573-74.

The City relies upon the general rule that a claim accrues when the plaintiff knows or has reason to know of his injury. The City argues that Coles's injury for purposes of his claims against the City is the same as his injury for purposes of his claims against Eagle and Robertson - the physical injuries that he suffered during the Subject Incident. Thus, the City

argues that Coles's § 1983/§ 1981 claim against the City accrued when the Subject Incident occurred, and § 657-13 tolling does not apply because, at that the time of the Subject Incident, Coles was not "[i]mprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than [his] natural life."

The City's argument ignores case law stating that, in considering when a plaintiff knew or had reason to know of his injury, the Ninth Circuit interprets the term "injury" "with some flexibility," and the Ninth Circuit has "held that a claim accrues not just when the plaintiff experiences the injury, but when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury **and the cause of that injury**." Bonneau v. Centennial Sch. Dist. No. 28J, 666 F.3d 577, 581 (9th Cir. 2012) (emphasis added) (citation and internal quotation marks omitted).

Further, the following analysis applies regarding the accrual of Coles's claim for negligent supervision, training, and retention. Such a negligence claim

> accrues "the moment plaintiff discovers or should have discovered the negligent act, the damage, and the causal connection between the former and the latter." Yamaguchi v. Queen's Med. Ctr., 65 Haw. 84, 90, 648 P.2d 689, 693-94 (1982) (citation omitted); see also Hays [v. City & Cnty. of Honolulu], 81 Hawai`i [391,] 396, 917 P.2d [718,] 723 [(1996)] ("[Haw. Rev. Stat.] § 657-7.3's two-year limitation commences to run when plaintiff discovers, or through the use of

14

> reasonable diligence should have discovered,
> (1) the damage; (2) the violation of the duty; and
> (3) the causal connection between the violation of
> the duty and the damage." (quoting <u>Jacoby v.
> Kaiser Found. Hosp.</u>, 1 Haw. App. 519, 525, 622
> P.2d 613, 617 (1981))).

<u>Aana</u>, 965 F. Supp. 2d at 1179 (some alterations in <u>Aana</u>). Thus, as to both of Coles's claims against the City, the knowledge of his injury alone was not enough to trigger accrual. Coles's claims against the City did not accrue until he knew or had reason to know that the City's actions and/or omissions, *i.e.* the City's failure to properly supervise, train, and monitor HPD officers and the City's negligent retention of HPD officers, were causes of his injury.

In considering the City's Motion, this Court must view the current record in the light most favorable to Coles. See <u>Crowley v. Bannister</u>, 734 F.3d 967, 976 (9th Cir. 2013) ("We review a grant of summary judgment de novo and must determine, viewing the facts in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." (citations and quotation marks omitted)). There is no evidence in the current record that supports the City's position that, at the time of the Subject Incident, Coles knew or should have known that the City's actions and/or omissions were causes of his injury. There is evidence in the record that, on April 15, 2009, Coles filed a complaint in the

15

State of Hawai`i First Circuit Court against Eagle, Robertson, the City, and others, arising from the Subject Incident ("the State Complaint" and "the State Action").[10] [City's CSOF, Aff. of Archie T. Ikehara, Exh. C (State Complaint).] The State Complaint did not expressly allege either a § 1983 claim or a § 1981 claim against the City, nor did it expressly allege a negligent training, supervision, and retention claim against the City. The State Complaint did allege that "due to the use of excessive force the Defendants Eagle, Robertson, the Honolulu Police Department and the City and County of Honolulu are liable for the personal injuries sustained by the Plaintiff." [Id. at ¶ 20.]

Hawai`i state courts, like this district court, liberally construe pro se litigants' pleadings. Dupree v. Hiraga, 121 Hawai`i 297, 314, 219 P.3d 1084, 1101 (2009) ("Pleadings prepared by pro se litigants should be interpreted liberally." (citation omitted)). At the hearing on the Motion, Coles's counsel argued that, even liberally construed, the State Complaint does not allege either a § 1983 claim, a § 1981 claim, or a negligent training, supervision, and retention claim against the City. Coles's argument is misplaced. The relevant inquiry is not whether the State Complaint alleged identical claims to

---

[10] Coles voluntarily dismissed the State Action on June 16, 2010. [City's CSOF, Aff. of Archie T. Ikehara, Exh. D (Notice of Dismissal).]

16

the claims against the City in the instant case.  The relevant inquiry is whether the State Complaint, liberally construed, proves that he knew or should have known that the City's actions and/or omissions were causes of his injury.  This Court finds that, liberally construed, the State Complaint indicates that, when Coles filed the State Complaint on April 15, 2009, he had, or should have had, such knowledge.

Thus, by April 15, 2009, Coles knew or should have known of the basis for both his § 1983/§ 1981 claim and his negligent supervision, training, and retention claim against the City.  Viewing the current record in the light most favorable to Coles, there is no evidence that Coles had, or should have had, this knowledge prior to the filing of the State Complaint.  For purposes of the instant Motion, this Court FINDS that Coles's claims against the City accrued on April 15, 2009.

It is undisputed that, when Coles filed the State Complaint on April 15, 2009, he was "[i]mprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than [his] natural life."[11]  See Coles, 704 F.3d

---

[11] The City argues that neither arrest nor detention triggers § 657-13 tolling because neither being arrested nor being detained constitutes being "[i]mprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than the person's natural life."  This Court need not address this argument in light of this Court's finding that, for purposes of the instant Motion, Coles's claims against the City accrued on April 15, 2009.

17

at 628-29 n.2 ("Coles had in fact stolen the Nissan he was driving that night." (citing State v. Coles, 120 Hawai`i 417, 209 P.3d 194 (unpublished table decision), 2009 WL 1280604 (Haw. App. May 11, 2009) (affirming Coles' conviction))).[12] This Court CONCLUDES, for purposes of the instant Motion, that the statute of limitations for each of Coles's claims against the City was tolled pursuant to § 657-13(3) and, therefore, Coles timely filed his claims against the City when he filed the First Amended Complaint on May 8, 2013.

In light of this Court's rulings, the City is not entitled to judgment as a matter of law as to its statute of limitations defense. See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). This Court therefore DENIES the City's Motion, but this Court notes that the City may revisit its statute of limitations defense at trial if it presents evidence that, before Coles was "[i]mprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than [his] natural life," he knew or should have known that the City's actions and/or omissions were causes of his injury. If the City does not present evidence at trial

---

[12] According to State v. Coles, the Judgment of Conviction and Sentence was filed on December 5, 2007. 2009 WL 2009 WL 1280604, at *1.

18

regarding the accrual of Coles's claims against the City, this Court's rulings in the instant order will stand.

## CONCLUSION

On the basis of the foregoing, the City's Motion for Summary Judgment re Statute of Limitations, filed March 21, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 27, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HARRY J. COLES VS. JOSHUA J. EAGLE, ET AL; CIVIL NO. 09-00167 LEK-BMK; ORDER DENYING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR SUMMARY JUDGMENT RE STATUTE OF LIMITATIONS**