IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HARRY J. COLES, | ) | CIVIL NO. 09-00167 LEK-BMK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| JOSHUA EAGLE, ET AL., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT
CITY AND COUNTY OF HONOLULU'S MOTION FOR SUMMARY
JUDGMENT ON COUNTS II AND IV OF FIRST AMENDED COMPLAINT**

Before the Court is Defendant City and County of Honolulu's ("the City") Motion for Summary Judgment on Counts II and IV of First Amended Complaint ("Merits Motion"), filed on June 18, 2014.[1]  [Dkt. no. 435.]  Plaintiff Harry J. Coles ("Coles") filed a memorandum in opposition to the Motions on September 8, 2014,[2] and the City filed a reply in support of the

---

[1] Also on June 18, 2014, the City filed its Motion for Partial Summary Judgment Re Damages for any Alleged Loss of Income ("Income Damages Motion") and its Motion for Partial Summary Judgment Re Bodily Injury and Medical Special Damages ("Bodily Injury Damages Motion").  [Dkt. nos. 437, 439.]  This Court will issue a separate order ruling on the Income Damages Motion, and the Bodily Injury Damages Motion.  The Court will refer to the Merits Motion, the Income Damages Motion, and the Bodily Injury Damages Motion collectively as "the Motions."

[2] Although Coles titled the document "Plaintiff's Opposition to City and County of Honolulu's Motion for Partial Summary Judgment Re Bodily Injury and Special Damages," he states within the document that it responds to all three Motions.  [Mem. in Opp. at 2.]  All references to the memorandum in opposition in

(continued...)

Merits Motion on September 15, 2014. [Dkt. nos. 488, 493.] On September 23, 2014, this Court issued an entering order finding the Motions suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). [Dkt. no. 496.] After careful consideration of the Merits Motion, supporting and opposing memoranda, and the relevant legal authority, the City's Merits Motion is HEREBY DENIED WITHOUT PREJUDICE for the reasons set forth below.

**BACKGROUND**

The factual and procedural background of this case is set forth in this Court's Order Denying Defendant City and County of Honolulu's Motion for Summary Judgment Re Statute of Limitations, filed May 27, 2014 ("5/27/14 Summary Judgment Order"). [Dkt. no. 434.[3]] This Court will only discuss the background that is relevant to the Merits Motion.

As noted in the 5/27/14 Summary Judgment Order, the instant case arises from a traffic stop that led to Coles's arrest on April 24, 2007 ("the Subject Incident"). 2014 WL 2214046, at *1. Coles, who was proceeding pro se at the time,

---

[2](...continued)
this Order refer to the portion of the document addressing the Merits Motion.

[3] The 5/27/14 Summary Judgment Order is available at 2014 WL 2214046.

filed his original complaint on April 24, 2007 against Defendants Joshua Eagle ("Eagle") and Elton Robertson ("Robertson"), the police officers who were involved in the traffic stop and arrest. [Dkt. no. 1.] Coles's First Amended Complaint, filed May 8, 2013, also includes the City as a defendant because Coles alleges that Eagle and Robertson "were acting within the scope of their employment with the Honolulu Police Department" ("HPD"). [Dkt. no. 380 at ¶ 30.]

The First Amended Complaint asserts, *inter alia*, a claim under 42 U.S.C. §§ 1981 and 1983 against the City, based on policies, practices, and/or customs that Coles alleges violate the Fourth and Fourteenth Amendments of the United States Constitution ("Count II"), and a negligent training, supervision, and retention claim against the City ("Count IV"). Count II alleges:

- The City, through HPD, "had policies, practices, and/or customs[:]" that tolerated HPD officers' "use of unnecessary or excessive force in the course of performing their duties[;]" [id. at ¶ 35;] that tolerated their "unnecessarily escalating situations resulting in the use of unnecessary or excessive force[;]" [id. at ¶ 36;] and pursuant to which "supervisors and command staff . . . failed to adequately oversee and monitor officers' use of force" [id. at ¶ 37].

- The City, through HPD, "failed to adequately train, monitor, and discipline" Eagle and Robertson, and that failure was a proximate cause of the violation of Coles's rights and the damages he suffered. [Id. at ¶¶ 39-40.]

- The City's "policies, practices and customs, and omissions" violated Coles's rights under the Fourth Amendment and the

3

Fourteenth Amendment, and the violations were a proximate cause of the damages he suffered. [Id. at ¶¶ 41-42.]

Count IV alleges that the City breached its "duty to use reasonable care in training, supervising and retaining" Eagle and Robertson, and that the City's negligence caused Coles to suffer damages. [Id. at ¶¶ 47-48.]

In the Merits Motion, the City argues that it is entitled to summary judgment on Counts II and IV. Coles responds that the City has engaged in abusive discovery tactics ever since Coles named it as a defendant. Although he does not expressly invoke Fed. R. Civ. P. 56(d), he argues that those tactics are the reason why "the record does not yet contain the evidence" necessary for Coles to defeat the Merits Motion. [Mem. in Opp. at 17.]

On June 24, 2014, Coles filed his Rule 37 Motion for Contempt and Sanctions, and Alternatively to Compel Production of Documents and for Sanctions ("Sanctions Motion"). [Dkt. nos. 446-47, 449.[4]] On September 3, 2014, the magistrate judge issued an order granting the Sanctions Motion in part and denying it in part ("9/3/14 Sanctions Order"). [Dkt. no. 487.] The 9/3/14 Sanctions Order requires the City to produce "all relevant and responsive documents," and to investigate and disclose the

---

[4] Coles filed the Sanctions Motion, the memorandum in support, and the declaration as separate docket entries.

particulars regarding "the deletion of certain documents and communications." [Id. at 2.] The deadline for the City to comply with the 9/3/14 Sanctions Order was September 30, 2014. [Id.] The magistrate judge denied Coles's request for sanctions without prejudice, but stated that Coles could file a separate motion for sanctions after the City complies with the 9/3/14 Sanctions Order ("the Omnibus Sanctions Motion"). [Id. at 3.]

**DISCUSSION**

**I.　Relief under Fed. R. Civ. P. 56(d)**

Fed. R. Civ. P. 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

This district court has stated:

Whether to deny a Rule 56(d) request for further discovery by a party opposing summary judgment is within the discretion of the district court. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 920-21 (9th Cir. 1996). To obtain a continuance under Rule 56(d), the party opposing a motion for summary judgment must make "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." Blough v. Holland Realty, Inc, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (citation omitted).

> "A party requesting a continuance pursuant to
> Rule [56(d)] must identify by affidavit the
> specific facts that further discovery would
> reveal, and explain why those facts would preclude
> summary judgment." Tatum v. City & Cnty. of San
> Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).
> Moreover, "[t]he burden is on the party seeking
> additional discovery to proffer sufficient facts
> to show that the evidence sought exists." Nidds,
> 113 F.3d at 921. The movant must also show
> diligence in previously pursuing discovery. See
> Pfingston v. Ronan Engineering Co., 284 F.3d 999,
> 1005 (9th Cir. 2002) ("The failure to conduct
> discovery diligently is grounds for the denial of
> a Rule 56(f) motion."); Kocsis v. Delta Air Lines,
> Inc., [963 F. Supp. 2d 1002, 1020] (D. Haw. Aug.
> 5, 2013) ("[T]he district court may deny further
> discovery if the requesting party failed to pursue
> discovery diligently in the past.").

Nakagawa v. Cnty. of Maui, Civil Nos. 11-00130 DKW-BMK, 12-00569 DKW-BMK, 2014 WL 1213558, at *12 (D. Hawai`i Mar. 21, 2014) (some alterations in Nakagawa).

Coles filed a Concise Statement of Material Facts in Opposition to the Motions ("Coles's CSOF"). [Filed 9/8/14 (dkt. no. 489).[5]] Coles's CSOF includes a declaration by his counsel, David A. Perez, Esq. ("Perez Declaration"), but the Perez Declaration does not establish the requirements for Rule 56(d) relief as to the Merits Motion. As previously noted, Coles's memorandum in opposition does not expressly request Rule 56(d) relief.

---

[5] The City filed its Separate Concise Statement of Facts in Support of the Merits Motion on June 18, 2014 ("City's Merits CSOF"). [Dkt. no. 436.]

6

Although it does not condone Coles's failure to comply with the applicable rules, this Court will exercise its discretion and construe Coles's memorandum in opposition as a request for Rule 56(d) relief.  This Court FINDS that, for the reasons set forth in Coles's Sanctions Motion and the magistrate judge's 9/3/14 Sanctions Order, Coles cannot present the essential facts necessary for him to oppose the City's Merits Motion.  This Court further FINDS that the appropriate relief under Rule 56(d) is to DENY the Merits Motion WITHOUT PREJUDICE.  See Rule 56(d)(1).

The City may file another motion seeking summary judgment on Counts II and IV of the First Amended Complaint after the magistrate judge rules upon the Omnibus Sanctions Motion anticipated in the 9/3/14 Sanctions Order.  If Plaintiff does not file the Omnibus Sanctions Motion by the December 17, 2014 deadline for dispositive motions, [Fourth Amended Rule 16 Scheduling Order, filed 9/11/14 (dkt. no. 491), at ¶ 7,] this Court will schedule a status conference to discuss the filing of the City's renewed summary judgment motion.

## II. Coles's Concise Statement of Facts

In order to provide guidance to Coles in anticipation of the City's filing of another motion for summary judgment on the merits, this Court notes that Coles's CSOF does not comply with the requirements of Local Rule 56.1.

Local Rule 56.1(g) states: "For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party." Both the moving party's concise statement and the responding party's concise statement are subject to, *inter alia*, the following requirements:

> When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact. . . . The concise statement shall particularly identify the page and portion of the page of the document referenced.

Local Rule LR56.1(c).

Coles makes a general objection that paragraphs 12 through 24 of the City's Merits CSOF are "inaccurate, incomplete, misleading, or without context." [Coles's CSOF at pg. 2.] However, Local Rule 56.1 requires that Coles identify the specific portions of each document that supports his interpretation of each of the City's statements of fact. A general denial, such as the one Coles made in response to the City's Merits CSOF, is not sufficient. This Court therefore CAUTIONS Coles that, if the City files another motion for summary judgment and his concise statement of facts does not comply with

Local Rule 56.1, this Court will deem the City's concise statement of facts admitted.  See Local Rule LR56.1(g).

### CONCLUSION

On the basis of the foregoing, the City's Motion for Summary Judgment on Counts II and IV of First Amended Complaint, filed June 18, 2014, is HEREBY DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 8, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HARRY J. COLES VS. JOSHUA EAGLE, ET AL; CIVIL 09-00167 LEK-BMK; ORDER DENYING WITHOUT PREJUDICE DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR SUMMARY JUDGMENT ON COUNTS II AND IV OF FIRST AMENDED COMPLAINT**