IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

HARRY J. COLES,                    )    CIVIL NO. 09-00167 LEK-BMK
                                   )
            Plaintiff,             )
                                   )
      vs.                          )
                                   )
JOSHUA EAGLE, ET AL.,              )
                                   )
            Defendants.            )
_____   )


**ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION
FOR PARTIAL SUMMARY JUDGMENT RE DAMAGES FOR ANY ALLEGED
LOSS OF INCOME, AND DENYING THE CITY'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE BODILY INJURY AND MEDICAL SPECIAL DAMAGES**

            Before the Court are the following motions that

Defendant City and County of Honolulu ("the City") filed on

June 18, 2014: Motion for Partial Summary Judgment Re Damages for

Any Alleged Loss of Income ("Income Damages Motion"); and Motion

for Partial Summary Judgment Re Bodily Injury and Medical Special

Damages ("Bodily Injury Damages Motion").[1]  [Dkt. nos. 437, 439.]

Plaintiff Harry J. Coles ("Plaintiff" or "Coles") filed a

memorandum in opposition to the Motions on September 8, 2014.[2]

_____

      [1] Also on June 18, 2014, the City filed its Motion for
Summary Judgment on Counts II and IV of First Amended Complaint
("Merits Motion").  [Dkt. no. 435.]  On October 8, 2014, this
Court issued an order denying the Merits Motion without prejudice
("10/8/14 Summary Judgment Order").  [Dkt. no. 502.]  The Court
will refer to the Merits Motion, the Income Damages Motion, and
the Bodily Injury Damages Motion collectively as "the Motions."

      [2] Although Plaintiff titled the document "Plaintiff's
Opposition to City and County of Honolulu's Motion for Partial
Summary Judgment Re Bodily Injury and Special Damages," he states
                                                    (continued...)

[Dkt. no. 488.]  The City filed a reply in support of the Bodily

Injury Damages Motion ("Bodily Injury Damages Reply") and a reply

in support of the Income Damages Motion ("Income Damages Reply")

on September 15, 2014.  [Dkt. nos. 494, 495.]  On June 19, 2014,

Defendant Joshua Eagle ("Eagle") and Elton Robertson

("Robertson"), whom Coles has sued in their individual

capacities,[3] jointly filed a joinder in each of the two motions.

[Dkt. nos. 443-44.]

On September 23, 2014, this Court issued an entering

order finding the Motions suitable for disposition without a

hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice

of the United States District Court for the District of Hawai`i

("Local Rules").  [Dkt. no. 496.]  After careful consideration of

the Income Damages Motion and the Bodily Injury Damages Motion,

supporting and opposing memoranda, and the relevant legal

authority, the City's Income Damages Motion is HEREBY GRANTED,

and the City's Bodily Injury Damages Motion is HEREBY DENIED, for

---

[2](...continued)
within the document that it responds to all three Motions.  [Mem.
in Opp. at 2.]  All references to the memorandum in opposition in
the instant Order refer to the portions of the document
addressing the Income Damages Motion and the Bodily Injury
Damages Motion.

[3] During all relevant times, Eagle and Robertson were police
officers with the Honolulu Police Department.  [First Amended
Complaint, filed 5/8/13 (dkt. no. 380), at ¶¶ 2-3.]  This Court
will refer to the City, Eagle, and Robertson collectively as
"Defendants."

the reasons set forth below.

**BACKGROUND**

The factual and procedural background of this case is set forth in this Court's Order Denying Defendant City and County of Honolulu's Motion for Summary Judgment Re Statute of Limitations, filed May 27, 2014 ("5/27/14 Summary Judgment Order"). [Dkt. no. 434.[4]] This Court incorporates the background section of the 5/27/14 Summary Judgment Order as the background for the instant Order.[5]

As a result of the April 24, 2007 traffic stop, Coles was convicted in state court of unauthorized control of a propelled vehicle ("UCPV"), and possession of intoxicating liquor while operating a propelled vehicle. [City's Separate Concise Statement of Facts in Supp. of Income Damages Motion, filed 6/18/14 (dkt. no. 438) ("City's Income Damages CSOF"), at ¶¶ 1-2; Coles's Separate and Concise Statement of Material Facts in Opp. to the City's Motions, filed 9/8/14 (dkt. no. 489) ("Coles's CSOF"), at pg. 2 (stating that Coles only disputes ¶¶ 8-12, and

---

[4] The 5/27/14 Summary Judgment Order is available at 2014 WL 2214046.

[5] As in the 5/27/14 Summary Judgment Order, 2014 WL 2214046, at *1, "the Subject Incident" refers to the events that culminated in Coles's arrest on April 24, 2007 after a traffic stop.

14 of the City's Income Damages CSOF).[6]]  Coles was sentenced to,
*inter alia*, five years of imprisonment for the UCPV charge and
thirty days of imprisonment for the possession of intoxicating
liquor charge.  The state court sentenced Coles as a repeat
offender, and ordered that his sentence be served consecutively
with his term of imprisonment for a conviction for UCPV in a
separate case.  [City's Income Damages CSOF, Aff. of Archie T.
Ikehara ("Ikehara Income Damages Aff."), Exh. C (Judgment of
Conviction and Sentence, filed 12/5/07), D (Order Granting Motion
for Sentencing of Repeat Offender, filed 1/31/08).]

Coles has been incarcerated since April 24, 2007, and
he is currently incarcerated at the Waiawa Correctional Facility.
[City's Income Damages CSOF at ¶¶ 4-5; Coles's CSOF at pg. 2.]
"[F]rom approximately 2005 to 2007, he worked for LVI
Environmental Services, Inc. [("LVI")], located in Wahiawa."
[City's Income Damages CSOF at ¶ 7; Coles's CSOF at pg. 2.]  At
LVI, Coles was involved in the "deconstruct[ion of] old
buildings."  [Coles Answers to Interrogs. at No. 3.]  His LVI

---

[6] In the 10/8/14 Summary Judgment Order, this Court noted
that Coles's CSOF does not comply with the requirements of Local
Rule 56.1(c).  [10/8/14 Summary Judgment Order at 7-8.]  For the
reasons set forth in the 10/8/14 Summary Judgment Order, Coles's
general objection to paragraphs 8, 9, 10, 11, 12, and 14 of the
City's Income Damages CSOF is insufficient.  This Court must
therefore deem those paragraphs (in addition to the paragraphs he
did not contest) to be admitted.  See Local Rule LR56.1(g).
However, the admission of the City's statement of facts alone
does not require this Court to grant the Income Damages Motion.

employment records state that his job title was "Asbestos Abatement Laborer."  [Perez Decl., Exh. E at COLES-LVI.0037.]

In the instant case, Coles prays for, *inter alia*, "[c]ompensatory damages, including general and special damages, as proven at the time of trial, with interest thereon[.]"  [First Amended Complaint at ¶ 59.]  The First Amended Complaint does not specify what type of general and special damages Coles seeks.

In the Income Damages Motion, the City seeks summary judgment as to "any and all claims asserted by Plaintiff for past and/or future loss of income."  [Income Damages Motion at 2.]  In the Bodily Injury Damages Motion, the City seeks summary judgment as to "any and all claims and damages asserted by Plaintiff . . . for: (1) bodily injuries, including physical and mental injuries and conditions; and (2) medical expenses and other special damages related thereto."  [Bodily Injury Damages Motion at 2.]  Insofar as Eagle and Robertson have joined in these motions and the Court's ultimate rulings will affect all Defendants, the Court construes the motions as seeking relief on behalf of all Defendants.

## DISCUSSION

## I.   Income Damages Motion

In the Income Damages Motion, the City argues that Coles has not produced - and cannot produce - evidence of lost income because: 1) he failed to disclose his claims for lost

income in his responses to the City's interrogatories, and failed to authorize his former employer to release his employment records to the City; and 2) he failed to produce his income tax records in response to the City's request for production of documents. In addition, the City argues that Coles cannot prove that the City - as opposed to his conviction and incarceration since April 2007 - legally caused him to sustain any loss of income.

####     A.     **Coles's Answers to Interrogatories**

The City's First Request for Answers to Interrogatories asked Coles to "[d]escribe (in detail and particularity) all injuries, damages or losses [he] claims [he] suffered as a result of or in connection with the Subject Incident." [Ikehara Income Damages Aff., Exh. F (Excerpts of Pltf.'s Responses to Def. City & County of Honolulu's First Request for Answers to Interrogs., dated 4/16/14 ("Coles's Answers to Interrogs.")) at No. 15.] Coles responded by referring to "Answer and Objections to Interrogatory No. 7" ("Answer No. 7"). [Id.] Interrogatory No. 7 asked Coles to "[d]escribe (in detail and particularity) all of [his] activities on April 22, 2007, from morning until night, including any work performed by [him], places that [he] went to, persons [he] met, events that [he] attended, and activities that [he] engaged in." [Id. at No. 7.] Answer No. 7 is a narrative describing Coles's activities on April 22 through

April 24, and giving his account of the Subject Incident.  It
ends with:

> As a direct result of Eagle and Robertson's
> actions – and, by extension, the City's
> negligence, failure to train, and policies and
> customs – Coles suffered severe physical pain and
> suffering, emotional pain, mental trauma,
> humiliation, and embarrassment.  Moreover,
> Plaintiff continues to suffer mental trauma,
> including depression, Post Traumatic Stress
> Disorder ("PTSD"), severe anxiety, and an ongoing
> fear of law enforcement.  Plaintiff also has
> recurring nightmares, day and night, where he
> relives the horrific experience.  These conditions
> have been documented and Coles must take several
> prescription medications to deal with these
> conditions.

[Id.]

The City essentially argues that, because Coles failed
to disclose his claims for lost wages in his response to
Interrogatory No. 15, he is precluded him from presenting
evidence at trial of any lost wages.  Fed. R. Civ. P. 37(d)(1)(A)
states:

> The court where the action is pending may, on
> motion, order sanctions if:
>
> . . . .
>
> (ii) a party, after being properly served
> with interrogatories under Rule 33 or a
> request for inspection under Rule 34, fails
> to serve its answers, objections, or written
> response.

This Court can prohibit a party that fails to provide responses
to interrogatories from introducing evidence regarding the
matters addressed in the interrogatories.  See Rule 37(d)(3)

("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."); Rule 37(b)(2)(A)(ii) (describing the sanction of "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence").

To the extent that the Income Damages Motion relies upon Coles's failure to provide a complete response to Interrogatory No. 15, it essentially seeks a discovery sanction pursuant to Rule 37(d). Rule 37(d)(1)(B), however, states that: "A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." See also Local Rule LR37.1(a)-(b).[7] The Income Damages Motion

---

[7] Local Rule 37.1(a)-(b) states:

    (a) Conference Required. The court will not entertain any motion pursuant to Fed. R. Civ. P. 26 through 37, including any request for expedited discovery assistance pursuant to LR37.1(c), unless counsel have previously conferred, either in person or by telephone, concerning all disputed issues, in a good faith effort to limit the disputed issues and, if possible, eliminate the necessity for a motion or expedited discovery assistance.

    (b) Certificate of Compliance. When filing any motion with respect to Fed. R. Civ. P. 26 through 37, or a letter brief in accordance with LR37.1(c), counsel for the moving party shall certify compliance with this rule.

                    (continued...)

does not contain a certification that the parties attempted to resolve the dispute without court intervention.

The Court also notes that Coles's Answers to Interrogatories disclosed that he was employed at LVI prior to the Subject Incident. [Coles's Answers to Interrogs. at No. 3.] Plaintiff's counsel provided the LVI employment records to Defendants' respective counsel on June 19, 2014. [Coles's CSOF, Decl. of David A. Perez ("Perez Decl."), Exhs. E (Coles Suppl. Production of Documents), F (letter dated 6/19/14 to Defs.' counsel from Coles's counsel transmitting production).] The City then utilized the Local Rule 37.1(c) expedited discovery assistance process to ask the magistrate judge to order Coles to execute employment authorizations to allow the City to subpoena and/or obtain the records directly from LVI. See Order Granting in Part and Denying in Part Def. City & County of Honolulu's Request that Pltf. Harry J. Coles Provide Signed Medical & Employment Authorizations, filed 7/25/14 (dkt. no. 467) ("7/25/14 Discovery Order"), at 1 (noting the City's submission of a letter brief). The magistrate judge granted the request and ordered Coles to execute employment authorizations for LVI to release all of its records regarding Coles. [Id. at 3.] Coles complied with that order and produced the executed authorization to the City.

---

[7](...continued)

[Perez Decl. at ¶ 9.]  Coles argues that the City received the same documents from LVI that he previously produced to Defendants.  [Mem. in Opp. at 14-15.]  The City concedes that its argument about Coles's failure to execute employment authorizations is now moot.  [Income Damages Reply at 1 n.1.]

In light of the fact that the Income Damages Motion does not comply with the requirements of Rule 37(d)(1)(B), and the fact that the City ultimately obtained Coles's employment records from LVI, this Court finds that the failure to disclose any claims for lost wages in Coles's Answers to Interrogatories was harmless, and this Court declines to impose sanctions.  To the extent that the Income Damages Motion is based upon the failure to disclose a claim for lost wages, the motion is DENIED.

B.  **Failure to Produce Income Tax Returns**

The City also argues that Defendants are entitled to summary judgment because Coles failed to provide his federal and state income tax returns in response to the City's Request for Production of Documents.  [Ikehara Income Damages Aff., Exh. G (Pltf.'s Answer to Def. City & County of Honolulu's First Request for Production of Documents ("Coles's Answer to RPD"), dated 4/16/14) at No. 6 (requesting "[a]ll state and federal income tax returns of Plaintiff covering the period from January 1, 2002, to present").]  Coles responded to RPD No. 6 by referring to his general objections and citing his Answer to RPD No. 1.  The

Answer to RPD No. 1 stated, *inter alia*, that Coles may produce
additional documents as he acquires them and reviews them for
responsiveness and privilege. [Id. at Nos. 1, 6.]

The memorandum in opposition states that: "The reason
Plaintiff has not produced income tax returns is because he does
not have any." [Mem. in Opp. at 15.] This Court will not
consider this representation because "arguments and statements of
counsel are not evidence and do not create issues of material
fact capable of defeating an otherwise valid motion for summary
judgment." See Barcamerica Int'l USA Trust v. Tyfield Importers,
Inc., 289 F.3d 589, 593 n.4 (9th Cir. 2002) (citation and
internal quotation marks omitted). Assuming, *arguendo*, that
Coles has, or can obtain, documents responsive to RPD No. 6, the
Court construes the City's request for summary judgment based on
his failure to produce his tax returns as a request for sanctions
pursuant to Rule 37(d)(1)(A)(ii). This Court declines to impose
sanctions because, as previously noted, the Income Damages Motion
does not include the certification required by Rule 37(d)(1)(B).

The City also argues that Coles has not presented any
evidence to support his claim for lost wages. Coles's employment
records from LVI are evidence of the wages that he was earning up
to the date of the Subject Incident. See Perez Decl., Exh. E at
COLES-LVI.0017 (Payroll History). Construing the record in the
light most favorable to Coles, see Crowley v. Bannister, 734 F.3d

967, 976 (9th Cir. 2013) ("We review a grant of summary judgment de novo and must determine, viewing the facts in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." (citations and quotation marks omitted)), this Court finds that his LVI employment records are sufficient to create a genuine issue of fact as to the wages that he was capable of earning prior to the Subject Incident. See Fed. R. Civ. P. 56(a) (stating that a movant is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

To the extent that the Income Damages Motion is based upon Coles's failure to produce his tax returns, the motion is DENIED.

## C. **Causation**

The City's final argument in the Income Damages Motion is that Coles has failed to identify any evidence that the City's alleged actions and omissions are the legal cause of Coles's alleged loss of wages.

Insofar as Counts III through VI allege state tort claims, this Court looks to the principles regarding damages that the Hawai`i Supreme Court has set forth.

> Compensatory damages seek to "compensate the
> injured party for the injury sustained," Kuhnert

12

> v. Allison, 76 Hawai`i 39, 44, 868 P.2d 457, 462
> (1994), in hopes of "restor[ing] a plaintiff to
> his or her position prior to the tortious act[,]"
> Zanakis-Pico v. Cutter Dodge, Inc., 98 Hawai`i
> 309, 327, 47 P.3d 1222, 1240 (2002) (Acoba, J.,
> concurring).  The law divides such "damages into
> two broad categories - general and special."
> Ellis v. Crockett, 51 Haw. 45, 50, 451 P.2d 814,
> 819 (1969).  General damages "encompass all the
> damages which naturally and necessarily result
> from a legal wrong done[,]" id., and include such
> items as "pain and suffering, inconvenience, and
> loss of enjoyment which cannot be measured
> definitively in monetary terms."  Dunbar v.
> Thompson, 79 Hawai`i 306, 315, 901 P.2d 1285, 1294
> (App. 1995) (citation omitted).  Special damages
> are "the natural but not the necessary result of
> an alleged wrong[,]" Ellis, 51 Haw. at 50, 451
> P.2d at 819, and are "often considered to be
> synonymous with pecuniary loss and include such
> items as medical and hospital expenses, loss of
> earnings, and diminished capacity."  Dunbar, 79
> Hawai`i at 315, 901 P.2d at 1294.

Bynum v. Magno, 106 Hawai`i 81, 85-86, 101 P.3d 1149, 1153-54

(2004) (alterations in Bynum).  To the extent that Coles seeks to

recover lost wages in connection with his state tort claims, they

must be the result of Defendants' tortious conduct.  In other

words, to recover lost wages under Hawai`i law, Coles must

establish causation.

Similarly, the Ninth Circuit has stated:

> The cause of action created by § 1983 is a
> personal-injury tort claim.  See City of Monterey
> v. Del Monte Dunes at Monterey, Ltd., 119 S. Ct.
> 1624, 1647 (1999).  Like other tort claims, claims
> for damages under § 1983 require proof of
> causation of injury.  See Carey v. Piphus, 435
> U.S. 247, 255 (1978) ("[D]amages are available
> under that section for actions 'found . . . to
> have been violative of . . . constitutional rights
> and to have caused compensable injury.'") (quoting

13

> Wood v. Strickland, 420 U.S. 308, 319 (1975)
> (ellipses and emphasis in the original)); Arnold
> v. International Bus. Mach., Corp.[,] 637 F.2d
> 1350, 1355-57 (9th Cir. 1981) (commenting
> generally on § 1983 causation requirement).

Cutler v. Sedminik, No. 98-35554, 1999 WL 691163, at *2 (9th Cir. Sept. 3, 1999) (some alterations in Cutler).  In the instant case, causation of the alleged loss of income is also a required element of Coles's § 1983 claims in Counts I and II.

In response to the Income Damages Motion, Coles relies primarily on his LVI employment records.  [Perez Decl., Exh. E.] Although those records are sufficient to raise an issue of fact as to Coles's earning capacity prior to the Subject Incident, see supra Section I.B., nothing in those records addresses what effect, if any, Defendants' conduct had on his earning capacity. This Court will also consider whether any other evidence in the current record creates a genuine issue of material fact as to the causation requirement for Plaintiff's claims seeking lost wages.

Coles's First Production of Documents included a two-page, type-written narrative with hand-written notes ("2010 Narrative").  [Perez Decl., Exh. B at COLES-000005 to COLES-000006.]  The 2010 Narrative does not have a title, date, or signature.  It was originally filed as part of Coles's exhibits to his "Concise Statement of Material Facts in Response to Defendant's Motion for Summary Judgment in 'Opposition.'"  [Filed 7/9/10 (dkt. no. 116).]  Because Coles was proceeding pro se at

14

that time,[8] this Court will liberally construe the 2010 Narrative

as a declaration by Coles.  See Erickson v. Pardus, 551 U.S. 89,

94 (2007) ("A document filed *pro se* is to be liberally

construed." (citation and internal quotation marks omitted)).

The 2010 Narrative includes a description of the

Subject Incident and the injuries that Coles allegedly sustained

as a result of the incident.  It states:

> due to the use of excessive force by Defendants
> Eagle and Robertson the Plaintiff received
> extensive injuries to his face, head, hands, arms
> and body.  He has lost several teeth, has
> recurring migraine headaches and has lost full use
> of his neck and left hand.  His left arm and three
> fingers on his left hand are numb and he has been
> told that he has extensive nerve damage due to a
> spinal injury.  Furthermore, he has continued to
> relive the experience by having recurring
> nightmares. . . .

[Perez Decl., Exh. E at COLES-000005.]  The statement about

Coles's recurring nightmares is consistent with Answer No. 7.

[Coles's Answers to Interrogs. at No. 7.]  Answer No. 7, however,

does not describe any continuing physical injuries that resulted

from the Subject Incident.  It states only that he "suffered

severe physical pain and suffering," and he "continues to suffer

mental trauma."  [Id.]  Mr. Perez signed Coles's Answers to

Interrogatories on April 16, 2014, and Coles signed a Declaration

---

[8] On January 18, 2013, Coles's local counsel, Gregory Kugle,
Esq., filed his Notice of Appearance, [dkt. no. 344,] and
James William, Esq., and David Perez, Esq., filed applications to
appear for Plaintiff pro hac vice [dkt. nos. 345, 347].

on May 19, 2014 stating, "I CERTIFY UNDER PENALTY OF PERJURY under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and memory." [Id. at pgs. 22, 24.] Coles's Answers to Interrogatories are more recent than the 2010 Narrative, and he attested to their truth and accuracy under penalty of perjury. This Court therefore finds that Coles's Answers to Interrogatories supersedes the 2010 Narrative.

Answer No. 7 states that Coles suffers from on-going psychological injuries as a result of the Subject Incident. However, in order to recover lost wages, Coles must establish that Defendants' conduct is the legal cause of his inability to earn wages, at the present time and/or in the future. It is undisputed that Coles has not been employed since the date of the Subject Incident because he has been incarcerated. There is no allegation that the alleged use of excessive force during his arrest caused him to be convicted and sentenced for UCPV and for possession of intoxicating liquor while operating a vehicle. Coles therefore cannot establish causation for any past loss of income. This Court finds that there are no genuine issues of material fact as to Coles's claims for past loss of income, and Defendants are entitled to judgment as matter of law as to those claims. See Rule 56(a).

Coles indicates that he will argue that he is entitled to recover the loss of future wages because the injuries he sustained as a result of Defendants' conduct will make it more difficult for him to secure and retain employment after he is released from prison. See Mem. in Opp. at 15-16. Coles has not presented any evidence addressing whether, and to what extent, his injuries will impact his employment after he completes his term of imprisonment. Coles could have presented, for example, expert testimony that a person with Coles's psychological injuries would be incapable of performing the type of job that he held prior to the Subject Incident. Coles has not even presented his own declaration stating that, because of his psychological injuries from the Subject Incident, he would be unable to perform the work that he was doing for LVI prior to the Subject Incident. This Court therefore finds that Coles has not identified a genuine issue of fact as to the causation requirement for his claims seeking lost future wages.

Although Coles has raised an issue of fact as to his earning capacity prior to the Subject Incident, see *supra* Section I.B., that issue is not material to the outcome of his claims because there is no triable issue of fact as to causation. See Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006) ("A fact is material if it could affect the outcome of the suit under the governing substantive law."). This Court FINDS

that Coles has failed to raise a genuine issue of fact, and Defendants are entitled to judgment as a matter of law, as to his claims seeking lost future wages.  See Rule 56(a).

This Court therefore GRANTS the City's Income Damages Motion.

## II.  **Bodily Injury Damages Motion**

Similar to the Income Damages Motion, the Bodily Injury Damages Motion argues that Coles has not produced evidence of his bodily injuries - and expenses related thereto - because: 1) he failed to disclose those alleged damages in his Answers to Interrogatories; and 2) he failed to authorize the release of his medical records to the City.  In the Bodily Injury Damages Reply, the City conceded that the second argument is moot in light of Coles's execution of the authorizations and releases.  [Bodily Injury Damages Reply at 1 n.1.]  Also in the reply, the City argues that this Court should grant the Bodily Injury Damages Motion because Coles's CSOF does not comply with Local Rule 56.1.

As with Coles's objections to the City's Income Damages CSOF, see supra n.5, Coles's general objection to paragraphs 14 through 21 of the City's Bodily Injury Damages CSOF, [Coles's CSOF at pg. 2,] is insufficient.  This Court must therefore deem those paragraphs (in addition to the paragraphs he did not contest) to be admitted.  See Local Rule LR56.1(g).  However, the admission of the City's statement of facts alone does not require

this Court to grant the Bodily Injury Damages Motion, and this Court will address the motion on the merits.

## A.    Allegedly Incomplete Discovery Responses

In its First Request for Answers to Interrogatories, the City asked Coles to identify, *inter alia*, "[w]ith respect to each and every item of damage, injury or loss allegedly sustained by you and for which you are seeking to recover in the Subject Lawsuit, . . . the kind, nature and amount of damages, injuries or losses claimed[.]" [Coles's Answers to Interrogs. at No. 21.[9]] Coles responded by referring to Answer No. 7. [Id.] The City argues that Answer No. 7 "did not list nor describe any damages, injuries or losses claimed for any past or future medical expenses." [Mem. in Supp. of Bodily Injury Damages Motion at 5.] The City also argues that Coles failed to provide: 1) sufficient information about his physical and/or mental injuries or conditions which existed prior to the Subject Incident; or 2) medical records and documentation of his expenses

---

[9] The City filed its concise statement of facts in support of the Bodily Injury Damages Motion ("City's Bodily Injury Damages CSOF") on June 18, 2014. [Dkt. no. 440.] It includes excerpts of Plaintiff's Responses to Defendant City and County of Honolulu's First Request for Answers to Interrogatories to Plaintiff Harry J. Coles. [Id., Aff. of Archie T. Ikehara ("Ikehara Bodily Injury Damages Aff."), Exh. F.] These excerpts are identical to Coles's Answers to Interrogatories, submitted with the City's Income Damages CSOF, except that the version submitted with the City's Bodily Injury Damages CSOF does not include page 11. This Court's citations refer to Coles's Answers to Interrogatories, submitted with the City's Income Damages CSOF, because that is the more complete document.

incurred as a result of the Subject Incident. [Id. at 4-5
(discussing Coles's Answers to Interrogatories at No. 17), 6
(discussing Coles's Answer to RPD No. 5).[10]]

　　　　To the extent the Bodily Injury Damages Motion asks
this Court to grant summary judgment in favor of the City based
on Coles's failure to provide complete responses to either the
Interrogatories or the RPD, the motion seeks a discovery sanction
pursuant to Rule 37(d)(1)(A). As with the Income Damages Motion,
see supra Section I.A., this Court declines to impose sanctions
because the City did not comply with Rule 37(d)(1)(B) and because
the City obtained Coles's medical records through his production
of documents, [Perez Decl., Exh. B,] and through the medical
authorizations that Coles executed pursuant to the 7/25/14
Discovery Order. The 7/25/14 Discovery Order required Coles to
execute: "medical authorizations for Queen's Medical Center . . .
authorizing the release of all records it may have pertaining to
Plaintiff[;]" and "medical authorizations directed to Waiawa
Correctional Facility, Saguaro Correctional Center [("Saguaro")],
Oahu Community Correctional Center and Halawa Security Facility,
authorizing the release of all psychiatric and mental health

---

[10] The City submitted Plaintiff's Answer to Defendant City
and County of Honolulu's First Request for Production of
Documents with its Bodily Injury Damages CSOF as Exhibit G to the
Ikehara Bodily Injury Damages Affidavit. [Dkt. no. 440-9.]
Exhibit G is identical to Coles's Answer to RPD submitted with
the City's Income Damages CSOF.

records they may have pertaining to Plaintiff[.]"  [7/25/14
Discovery Order at 2-3.]

Coles executed the authorizations and sent them to
Defendants.  At an August 29, 2014 hearing, counsel for the City
disclosed that he received more of Coles's medical records than
what the magistrate judge ruled were discoverable.  All counsel
and the magistrate judge agreed that the City would retain all
records produced, and that it could allow its expert to review
all records, subject to later determinations of whether
particular records are admissible.  [Perez Decl. at ¶ 4; 8/29/14
Hrg. Trans., filed 9/12/14 (dkt. no. 492), at 5-7.]

Under the circumstances of this case, this Court finds
that any failure by Coles to provide complete discovery responses
regarding his bodily injuries and medical records was harmless.
To the extent that the Bodily Injury Damages Motion seeks summary
judgment based on the alleged failure to provide complete
discovery responses, the motion is DENIED.

B.    **Whether There are Triable Issues of Fact**

This Court next turns to the City's argument that Coles
has not raised a triable issue of fact as to his claim for
special damages based on bodily injuries because he "has not
produced any invoices, statements, or billings regarding any
medical charges and expenses incurred for treatment of his
alleged injuries from the Subject Incident."  [Mem. in Supp. of

21

Bodily Injury Damages Motion at 10.]

The City's Bodily Injury Damages CSOF acknowledges that Coles described numerous physical injuries that he allegedly sustained in the Subject Incident, including, *inter alia*, damage to his jaw bone, a fractured right wrist, a possible broken nose, and lost and/or chipped teeth.  [City's Bodily Injury Damages CSOF at ¶ 7.]  Coles did not contest this portion of the City's Bodily Injury Damages CSOF.  [Coles's CSOF at pg. 2 (stating that Coles only disputes ¶¶ 14-21 of the City's Bodily Injury Damages CSOF).]  Coles's Answer No. 7 gives a general description of what he suffered as result of the Subject Incident, and it describes the "mental trauma" that he continues to suffer.  [Coles's Answers to Interrogs. at No. 7.]  That description of continuing mental trauma is supported by his medical records from Saguaro. For example:

- On April 9, 2009, Coles reported "nearly constant intrusive memories . . . of police violence during his arrest," and he was assessed as having a generalized anxiety disorder and chronic PTSD.  [Perez Decl., Exh. B at COLES-000023.]

- On May 15, 2009, he requested counseling because he was "having flashbacks of arrest."  [Id. at COLES-000026.]

- On July 15, 2009, Ahktar Hamidi, M.D., noted that Coles was taking psychotropic medications and that Coles's depression was improving and his nightmares and flashbacks were subsiding.  [Id. at COLES-000029.]

- On March 3, 2010, Coles reported that his panic attacks and bad dreams had increased, and a "search in his pod triggered 'arrest trauma.'"  [Id. at COLES-000050.]

• Coles's Mental Health Treatment Plan, last amended on May 4, 2010, noted that Coles's PTSD was chronic and severe, and that its expected duration was uncertain.  It also noted that he was to comply with the medication ordered by the psychiatrist.  [Id. at COLES-000054 to COLES-000055.]

Viewing the record in the light most favorable to Coles, see Crowley, 734 F.3d at 976, this Court finds that there are genuine issues of fact regarding: what injuries he allegedly sustained as a result of the Subject Incident; and what treatment he received in the past, and will require in the future, for those injuries.

The City also argues that Coles has not identified a triable issue of fact as to his claims seeking medical expenses because he has not presented any evidence of the expenses he has incurred.  It is undisputed that Coles has been incarcerated since the date of the Subject Incident.  [City's Income Damages CSOF at ¶¶ 4-5; Coles's CSOF at pg. 2.]  Thus, any medical treatment he received since the Subject Incident was provided through the prison system.  The collateral source rule precludes Defendants from presenting evidence at trial that the State of Hawai`i paid for Coles's medical care.  See, e.g., Sam Teague, Ltd. v. Hawai`i Civil Rights Comm'n, 89 Hawai`i 269, 281, 971 P.2d 1104, 1116 (1999) ("Under the collateral source rule, a tortfeasor is not entitled to have its liability reduced by benefits received by the plaintiff from a source wholly independent of and collateral to the tortfeasor." (citations, internal quotation marks, and brackets omitted)).

In the context of a prisoner plaintiff who received medical treatment for injuries he sustained during an incident involving the alleged use of excessive force, the district court granted the plaintiff's motion in limine to exclude evidence that the State of California paid for the treatment. In so ruling, the district court stated:

> "Under the collateral source rule, benefits received by the plaintiff from a source collateral to the defendant may not be used to reduce that defendant's liability for damages." McLean v. Runyon, 222 F.3d 1150, 1155-1156 (9th Cir. 2000) (internal quotations marks and citations omitted); Gill v. Maciejewski, 546 F.3d 557, 564-65 (8th Cir. 2008) (applying collateral source rule in section 1983 action). The rationale underlying the collateral source rule is to prevent the defendant from receiving a windfall by avoiding liability for damages suffered by the plaintiff as a result of the defendant's conduct. See Siverson v. United States, 710 F.2d 557, 560 (9th Cir. 1983) (finding that the purpose of collateral source doctrine is to prevent the defendant from receiving a windfall, irrespective of whether application of the doctrine results in a double recovery for the plaintiff); Chavez v. Poleate, No. No. [sic] 2:04-CV-1104 CW, 2010 WL 678940, at 2 n.2 (D. Utah Feb. 23, 2010) (applying collateral source rule in a prisoner's § 1983 action against prison guard where state paid for plaintiff's medical expenses).

Ellis v. Navarro, No. C 07-5126 SBA (PR), 2012 WL 3580284, at *5 (N.D. Cal. Aug. 17, 2012).

In light of how the collateral source rule will apply at trial, this Court concludes that Coles's receipt of medical treatment through the State for the injuries he allegedly sustained in the Subject Incident does not require this Court to

award summary judgment to Defendants as to his claims seeking medical expenses.  Because there are genuine issues of material fact as to the bodily injuries Coles sustained as a result of the Subject Incident and what treatment those injuries required in the past and may require in the future, this Court DENIES the Bodily Injury Damages Motion.

**CONCLUSION**

On the basis of the foregoing, the City's Motion for Partial Summary Judgment Re Damages for Any Alleged Loss of Income, which the City filed on June 18, 204 and which Eagle and Robertson joined on June 19, 2014, is HEREBY GRANTED.  The City's Motion for Partial Summary Judgment Re Bodily Injury and Medical Special Damages, which the City filed on June 18, 2014 and which Eagle and Robertson joined on June 19, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 14, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HARRY J. COLES VS. JOSHUA EAGLE, ET AL**; CIVIL 09-00167 LEK-BMK; ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR PARTIAL SUMMARY JUDGMENT R DAMAGES FOR ANY ALLEGED LOSS OF INCOME, AND DENYING THE CITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT R BODILY INJURY AND MEDICAL SPECIAL DAMAGES